**In re FRANKLIN.**

[Cite as *In re Franklin* (1993), 88 Ohio App.3d 277.]

Court of Appeals of Ohio,
Marion County.

No. 9–92–67.

Decided June 16, 1993.

*Jeffrey D. Ginther,* for appellants.

*James Luton,* for appellee Marion County Children's Services Board.

*Dustin Redmond,* for appellee Michelle Dunn.

*Robert Nemo,* guardian *ad litem.*

THOMAS F. BRYANT, Judge.

This is an appeal by petitioners-appellants Richard and Maryanne Creamer from a judgment entered on December 18, 1992, by the Court of Common Pleas of Marion County, Juvenile Division.

The Creamers are licensed foster parents and Kendra Dunn Franklin, a dependent minor child, was placed in the Creamers' care by the Marion County Children Services Board ("MCCSB"), which had temporary custody of Kendra.

In accordance with its amended case plan, MCCSB filed a motion seeking to "accept the permanent voluntary surrender" of the rights of Kendra's natural mother and proceed with the adoption of Kendra into a permanent familial home. On August 24, 1992, the Creamers filed a "motion to be made parties" and a "motion for legal custody" of Kendra. On October 6, 1992 a hearing was held. On December 18, 1992, the trial court denied the Creamers' motion to be made parties.

It is from this judgment that appellants now appeal and assign three assignments of error, of which the first is:

"The trial court erred in denying appellants [*sic*] motion to be made parties because its decision violates the plain meaning of section 2151.353(A)(3), O.R.C."

R.C. 2151.353(A)(3) states:

"(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

" * * *

"(3) Award legal custody of the child to either parent or to any other person who, *prior to the dispositional hearing,* files a motion requesting legal custody of the child." (Emphasis added.)

█ Here, the Creamers concede that they did not file their motion for legal custody of Kendra prior to the dispositional hearing; however, they assert that the trial court erred because it did not review its dispositional order pursuant to R.C. 2151.417(A).[1] We disagree.

R.C. 2151.417(A) states that a court "may" review its prior dispositional order. The word "may" is permissive, and thus it is within the trial court's discretion whether to review its prior order. See *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834. Absent a showing that the trial court abused its discretion, we will not disturb its judgment denying review of its prior dispositional order. The Creamers fail to point specifically to error in the record in this regard and none plainly appears. In any event, even if the trial court chose to review its dispositional order, the Creamers would not automatically become parties in MCCSB's action as that determination would also be within the sound discretion of the trial court.

Because we have found it unnecessary to address appellant's claim of party status within the terms of R.C. 2151.353(A)(3), we do not do so. However, we

---

1. R.C. 2151.417(A) states in part:
   "Any court that issues a dispositional order * * * may review at any time the child's placement or custody arrangement * * *."

note that in the usual case of foster child placement, as here, the foster children have not come to the attention of the prospective foster parents until after placement of the children with them by a children services board or other agency which has gained custody of the children as a result of a prior dispositional hearing. Therefore, logic implies neither intention of the legislature to require inclusion of foster parents within the purview of R.C. 2151.353(A)(3) nor constitutional compulsion that they be included by judicial *fiat*.

Appellants' first assignment of error is not well taken.

■ Appellants' second assignment of error is:

"The trial court abused its discretion in denying appellants [*sic* ] motion to be made parties because appellants are entitled to party status within the meaning of Juvenile Rule 2(16) and the case law."

The Creamers argue that the trial court abused its discretion, and thus erred, by denying their motion because Juv.R. 2(16) entitles them to be parties to the proceedings. No rights are created by Juv.R. 2, which merely defines certain terms used throughout the Ohio Rules of Juvenile Procedure. Juv.R. 2(16) states:

" 'Party' means a child who is the subject of a juvenile court proceeding, his spouse, if any, his parent * * * and, in appropriate cases, his custodian, guardian or guardian ad litem, the state and any other person specifically designated by the court."

The Creamers' contention that they are "entitled" to party status pursuant to the "any other person specifically designated by the court" language contained in Juv.R. 2(16) is unpersuasive. Juv.R. 2(16) affords a procedural device permitting a trial court to include individuals not specifically otherwise designated a party but whose presence is necessary to fully litigate an issue presented in the action. Thus the court may protect and adjudicate all legitimate claims, protect all interests appearing, avoid multiple litigation and conserve judicial time in the orderly administration of justice. However, it is clear Juv.R. 2(16) allows a trial court to exercise its sound discretion in determining whether to designate a person an additional party. This rule does *not* mandate that the court include any other persons not already specifically designated by the rules.

Thus, the Creamers are not "entitled" to party status merely because they wish to become parties. The Creamers could only have become parties if the trial court designated them as parties necessary to fully litigate the MCCSB action. The trial court need not have made that determination and did not do so.

Therefore, because the record does not show that the trial court abused its discretion in not permitting the Creamers to intervene as parties, we affirm that judgment.

Appellants' second assignment of error is not well taken.

Appellants' third assignment of error is:

"The trial court erred in denying appellants [*sic*] motion to be made parties because appellants have standing to be heard in this matter, and the trial court's ruling deprives them of due process of law under the Fourteenth Amendment of the Constitution of the United States."

Despite language contained in this assignment of error that might be construed otherwise, the Creamers essentially argue that the trial court's judgment denying their motion is based upon their lack of standing, which they claim is error depriving them of due process of law.[2]  We disagree.

The trial court, in denying the Creamers' motion after hearing, stated:

"The Court believes it would set bad precedent for foster parents, selected by and representing the Children Services Board to come in conflict with that Board. The Court further finds that it is not in the best interests of the child in this case to grant the motion.  The motion to be made parties is denied."

Clearly, the trial court did not base its decision on the issue of whether the Creamers had standing in this matter and thus appellants' assignment of error does not address the record.  Although not required, the trial court clearly stated its rationale in denying the Creamers' motion, which does not, by any reasonable interpretation, implicate the Creamers' standing.  The record shows that the trial court considered the Creamers' motion and all memoranda submitted, conducted a hearing on the motion and then journalized its judgment denying the motion.

After review, we find no trial court error.

Appellant's third assignment of error is not well taken.

The judgment of the Court of Common Pleas of Marion County, Juvenile Division, is affirmed.

*Judgment affirmed.*

EVANS, P.J., and SHAW, J., concur.

---

**2.**  Appellants do not specify whether their argument pertains to procedural or substantive due process of law, or both.