OPINION
Appellant John Overfield, the natural father of Tommy and Tyler Overfield, minor children, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Delaware County, Ohio, terminating his parental rights and granting permanent custody of the children to the Delaware County of Human Services. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. I
 THE TRIAL COURT ERRED BY ALLOWING COUNSEL FOR THE POTENTIAL ADOPTIVE PARENTS TO ACTIVELY PARTICIPATE IN THE TRIAL FOR PERMANENT CUSTODY.
ASSIGNMENT OF ERROR NO. II
 THE TRIAL COURT ERRED BY NOT GRANTING FATHERS MOTION FOR DIRECTED VERDICT FOR FAILURE OF THE STATE TO SHOW ANY REUNIFICATION ATTEMPT.
ASSIGNMENT OF ERROR NO. III
 THE TRIAL COURT ERRED BY FINDING PERMANENT CUSTODY AS SAID FINDING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
At the time of hearing, Tommy was approximately three years old and Tyler was approximately two years old. DHS first became involved with the children approximately a year and half before the time of final hearing, when the children's mother, who is not a party to this appeal, failed to pick the children up from the babysitter. Appellant testified he has been in prison since 1996 on a sentence of four to ten years. His first parole hearing is scheduled for December 12, 1998, which means the parole board could set a release date, perhaps in late 1999. Appellant also admitted he had previously been incarcerated on other offenses. Appellant's mother testified although she would have been permitted to take the children to the prison to visit with their father, she chose not to transport them to Ross Correctional Institution because she was afraid of the drive and believed the prison visit would adversely affect the children. She testified her son had threatened to kill her in the past, and she took the threat seriously. Appellant's mother expressed doubts her son would have the ability to meet the needs of the children upon release from prison. It appears from the record, Tommy was approximately six months old when appellant went to prison. Tyler has never seen his father except at birth.
The trial court found the father is unlikely to be paroled until, at the earliest, late 1999. The court found the mother had shown an inability to provide for the children's needs at the present time and in the foreseeable future. The court concluded it would be in the best interest of the children to grant permanent custody to the agency because neither parent has demonstrated a likelihood of being ready, willing and able to meet their children's needs in the foreseeable future.
 I
In his first assignment of error, appellant argues the court should not have permitted the potential adoptive parents to actively participate in the trial on permanent custody. The foster mother, who is the children's maternal aunt, attended the trial, represented by counsel. The court permitted her counsel to question witnesses and actively participate in the hearing, over the objection of the appellant's counsel. Appellant characterizes this as clearly prejudicial.
Juv.R 2 permits a trial court to exercise its sound discretion in determining whether to designate a person as an additional party if necessary to fully litigate an issue presented in the action. In the case of In re: Franklin (1993), 88 Ohio App.3d 277, the Court of Appeals for Marion County found the juvenile rule permits a trial court, in the exercise of its sound discretion, to determine whether to designate a person as an additional party. This court cannot reverse a court's judgment unless we find the court abused its discretion. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable,Blakemore v. Blakemore (1983), 5 Ohio St.3d 217 at 219.
Appellant asserts the only purpose the foster mother and her attorney had was to induce the court to terminate appellant's parental rights and free the children for adoption. Certainly the court must have been aware of this motivation as well. Our review of the record leads us to conclude we cannot find the court abused its discretion in permitting the foster mother and her attorney to participate in the trial.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues DHS failed to show any attempt to reunify him with his children. As the State points out, appellant was at a great disadvantage in participating in a case plan because he was incarcerated. Although DHS admitted appellant was substantially excluded from the comprehensive reunification plan, the record demonstrates DHS was prepared to cooperate with appellant's mother to effect visitation with appellant. The case worker assigned to the children testified the only gifts appellant ever tried to give his children were made through a church group. To the best of the case worker's information, appellant had never attempted to telephone his children, and contacted the case worker on only two occasions regarding his children.
We find the record demonstrates DHS made reasonable attempts to reunify this family. The second assignment of error is overruled.
 III
Finally, appellant argues the trial court's finding of permanent custody by clear and convincing evidence was against the manifest weight of the evidence. The trial court found the children could not and should not be placed with appellant within a reasonable time. Certainly the evidence supports that determination. Not only is appellant's release date from prison remote, appellant's own mother testified she did not believe it would be appropriate for her grandchildren to be placed with her son. She specifically testified appellant would not be able to handle the responsibility, provide for the children's special needs, or deal with them financially.
Our review of the record leads us to conclude the trial court's finding, by clear and convincing evidence, it was in the children's best interest to grant custody of these two children to DHS was supported by sufficient competent and credible evidence.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Delaware County, Ohio, is affirmed.
By Gwin, J., Farmer, P.J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas Juvenile Division of Delaware County, Ohio is affirmed. Costs to appellant.