OPINION
The present appeal arises following the August 21, 1998 decision of the Harrison County Court of Common Pleas, Juvenile Division, in which a restraining order was placed upon Marvin Bethel, ("appellant" herein). For the reasons set forth below, the decision of the trial court is reversed.
 I. FACTS
On July 23, 1998, a motion was filed by the State of Ohio in the Harrison County Juvenile Court requesting a revocation of probation and execution of sentence as related to Christopher Baker ("Baker"), a minor child. One of the reasons provided in the state's motion in support of revocation was an allegation that Baker had contact with appellant in violation of the court's May 22, 1998 order. This matter was set for a hearing before the juvenile court judge on August 18, 1998.
During the course of the evidentiary hearing, testimony was received by the court from Baker, his parents and his probation officer. Through this testimony it was discovered that in fact Baker had been in contact with appellant in violation of the terms of his probation which had been previously established by the court. On cross-examination, Baker admitted to having telephone conversations with appellant subsequent to the court's May 22, 1998 order. The record reflects that Baker had been advised to avoid contact with appellant, who was Baker's great-uncle, as appellant had allegedly caused a disruption in Baker's relationship with his parents. For instance, appellant had promised Baker various gifts if he would agree to move into his residence. It was also discovered at the August 18, 1998 hearing that appellant had allegedly done "stuff" to Baker on prior occasions. Upon further questioning, Baker stated that appellant had "[taken] showers with me and touched me."
Based upon the testimony, the trial court determined that Baker had in fact violated the terms of his probation by contacting appellant. In light of this violation, the trial court ordered Baker to a term of detention in the juvenile detention center for a period of ninety days. Said term was stayed on the condition that Baker abide by all terms of his probation. Additionally, temporary custody of Baker was granted to the Harrison County Department of Human Services as the minor was found to be dependent due to his condition and environment. In its August 21, 1998 entry disposing of this matter, the trial court further held as follows:
 "Marvin Bethel [appellant] is hereby restrained and barred from any further contact whatsoever (direct or indirect) with Christopher Baker. The term `contact' shall include any personal, telephone, mail, fax, computer, or third party communication; * * *."
In response to the trial court's order, appellant sent a request to the trial court on September 1, 1998 asking for a copy of the transcript of the August 18, 1998 proceedings as he was contemplating an appeal. Said request was denied by the trial court on September 8, 1998 as it was determined that appellant was not a party to the proceedings.
A timely notice of appeal was filed on September 21, 1998. Appellant raises two assignments of error on appeal.
 II. ASSIGNMENTS OF ERROR
Appellant's first assignment of error reads:
 "THE EXERCISE OF JUDICIAL POWER BY THE ENTRY OF A RESTRAINING ORDER AGAINST MARVIN BETHEL WITHOUT NOTICE, PROCESS, OR OPPORTUNITY TO BE HEARD VIOLATES THE APPELLANT'S RIGHT TO DUE PROCESS UNDER THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE APPELLANT'S RIGHT TO `DUE COURSE OF LAW', ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."
Appellant's second assignment of error reads:
 "THE IMPOSITION OF THE SUBJECT RESTRAINING ORDER AGAINST MARVIN BETHEL IS CONTRARY TO LAW."
It is well-settled that constitutional questions shall be decided only when absolutely necessary. Norandex, Inc. v. Limbach
(1994), 69 Ohio St.3d 26, 28 citing State ex rel. Hofstetter v.Kronk (1969), 20 Ohio St.2d 117, 119. In the event a non-constitutional issue is dispositive of the controversy, a court, shall decline to address the constitutional argument. Id.
In the present case, this court finds that the argument proposed in appellant's second assignment of error gives rise to a reversal of this matter. As such, the due process argument will not be addressed herein.
Under appellant's second assignment of error, it is asserted that the trial court did not have authority to issue a restraining order against appellant as he was not a party to the action. While a juvenile court is permitted to issue restraining orders pursuant to the Juvenile Rules in order to protect a minor child, it is argued that said orders only apply to those individuals who have been made parties to the juvenile proceeding. Since the record does not reflect that appellant was ever made a party to the action involving Baker, appellant contends that the juvenile court was without authority to control his conduct. Furthermore, appellant argues that pursuant to R.C.2151.359, which complements the Juvenile Rules, an individual must be afforded notice and an opportunity to be heard prior to the emplacement of a restraining order. Due to the fact that these measures were not taken by the trial court, appellant asserts that the restraining order must be lifted.
 A. STANDARD OF REVIEW
The determination of a grant or denial of injunctive relief is a matter solely within the discretion of the trial court and such decision will not be reversed on appeal absent a clear showing that the trial court abused its discretion. Danis ClarkcoLandfill Co. v. Clark Cty. Solid Waste Mgt. Dist. (1995), 73 Ohio St.3d 590,604 citing Garono v. State (1988), 37 Ohio St.3d 171,173. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Tracy v. Merrell-DowPharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152.
 B. APPLICABLE LAW
A juvenile court's authority for issuing a restraining order lies primarily in Juv.R. 34 (E) and (H). These sections state in relevant part as follows:
 "(E) If the court issues an order for protective supervision, the court may place any reasonable restrictions upon the child, the child's parents, guardian, or any other person including, but not limited to, any of the following:
* * *
 (3) Issuing a restraining order to control the conduct of any party.
* * *
 (H) In any proceeding in which a child is made a ward of the court, the court may grant a restraining order controlling the conduct of any party if the court finds that the order is necessary to control any conduct or relationship that may be detrimental or harmful to the child and tend to defeat the execution of a dispositional order." (Emphasis added).
Additionally, a juvenile court may issue a temporary order restraining or controlling the conduct of any party pursuant to Juv.R. 13 (B) (2) (g) in the event a complaint has been filed requesting the adjudication of a child as abused, neglected or dependent.
As to who will be considered "a party" to a juvenile proceeding, Juv.R. 2 (X) provides the following definition:
 "`Party' means a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court."
Pursuant to the "any other person specifically designated" language, a juvenile court is granted wide discretion in affording an individual party status. In re Hitchcock (1996),120 Ohio App.3d 88, 97. While not mandated to include individuals beyond those itemized in the rule, such power is granted to the court in order to include all individuals in a proceeding whose presence is believed to be necessary to fully litigate the issues presented in the pending action. In re Franklin (1993), 88 Ohio App.3d 277,280. Absent an abuse of discretion, the decision of the juvenile court as related to necessary parties will be upheld.
 C. ANALYSIS
In the case sub judice, it is uncontroverted that the trial court had failed to make appellant a party to the proceedings related to Baker. This is clearly illustrated in the juvenile court's September 8, 1998 judgment entry denying appellant's request for a copy of the transcript of the court's August 18, 1998 proceedings. In this entry, the court specifically stated "[h]e [appellant] is not a party." Having failed to designate anywhere in the record that appellant was to be a party to the action, the trial court was without authority pursuant to the Juvenile Rules to issue a restraining order against him. Each of the Juvenile Rules pertaining to restraining orders clearly indicates that the trial court may only issue such orders to a party of the action. As such, the trial court's decision was unreasonable and thus an abuse of discretion.
This court should reiterate however, that in the event the juvenile court desires to issue a restraining order against appellant, it need only formally make appellant a party to the action and follow the rules as related to this type of order. As previously discussed, the trial court has broad discretion to include any individual as a party who is viewed as being necessary to fully litigate the issues presented in the proceeding. In re Franklin, supra. Additionally, the court must ensure that appellant is afforded proper notice and the ability to be heard prior to putting its decision into effect.
For the foregoing reasons, the decision of the trial court is hereby reversed.
Cox, P.J., Donofrio, J., concurs.
APPROVED:
 ___________________________ JOSEPH J. VUKOVICH, JUDGE