DECISION AND JUDGMENT ENTRY
Appellant, Rhonda P., appeals a judgment of the Lucas County Court of Common Pleas, Juvenile Division, denying her motion to intervene in a custody action instituted by Lucas County Children Services ("LCCS"). She asserts the following assignments of error:
 "A. The Trial Court's Decision to deny the Appellant's request to intervene must be reversed as it was an abuse of Judicial Discretion against the prevailing weight of Law and facts.
 "B. The Trial Court's Decision to grant custody of one of the minor siblings must be reversed because the Trial Court did not hear nor consider all relevant testimony and evidence and did not give proper due consideration to the evidence before it."
Kei'Andre P., Qua'Von P., Keionn G. Juanya G. were removed from the care of their mother, Tneshela P., after she left the children home alone and a fire erupted. The fire caused the death of Tneshela's fifth child. Emergency temporary custody of the children was granted to the LCCS, and the children were placed in the home of their maternal great-grandparents.
On June 21, 1999, the children were adjudicated dependent and neglected and temporary custody was awarded to LCCS. On August 5, 1999, LCCS filed a motion for permanent custody of all four children. The motion stated that appellant, the maternal great-aunt of the children, was willing to take all four children and adopt them. On August 27, 1999, Kei'Andre and Qua'Von began residing with appellant. On October 25, 1999, appellant filed a motion for custody of the children. On December 23, 1999, LCCS filed a request to dismiss its motion for permanent custody and asked the juvenile court to transfer custody of the children to appellant. LCCS also petitioned the court for a determination of visitation rights and child support. In January 2000, Keionn was placed in appellant's care; in March 2000, Juanya, then approximately twenty months old, began living with her. On April 21, 2000, appellant filed her motion to intervene and renewed her motion for the custody of the children.
At the commencement of the custody hearing in May 2000, the court denied appellant's motion to intervene, finding, among other things, that appellant's interest in the proceedings was adequately represented by LCCS. The parties, LCCS and appellee, Keith G., the natural father of Qua'Von and Juanya, then agreed that the only contested issue was the custody of Juanya. That is, Keith wanted custody of his youngest child.
After the hearing, the juvenile court entered two judgments. The first judgment granted legal custody of Kei'Andre, Qua'Von, and Keionn to appellant and directed that she be named the payee for any child support order related to these three children. Appellee and Tneshela were awarded visitation rights. The second judgment dismissed the motion for permanent custody, denied appellant's motion to intervene and, inter alia, awarded legal custody of Juanya to his father, appellee. Appellant filed a timely notice of appeal from this judgment.
In her first assignment of error, appellant contends that the trial court abused its discretion in denying her motion for intervention because Civ.R. 24 is afforded liberal construction in favor of intervention. She further asserts that the trial court's rationale for denying her motion does not comport with this construction.
There is a split of authority among Ohio's appellate courts on the issue of whether Civ.R. 24 is applicable to custody proceedings held in the juvenile division of a common pleas court. See In re Byerly (Sept. 30, 1998), Portage App. Nos. 97-P-0096 and 97-P-0097, unreported. The Third District Court of Appeals determined that Civ.R. 1 precludes the application of Civ.R. 24 to custody proceedings in the juvenile division.In re Smith (Feb. 18, 1994), Allen App. No. 1-93-74, unreported, citingSquires v. Squires (1983), 12 Ohio App.3d 138. The Smith court held:
 "Juvenile court proceedings, with six specific exceptions, are governed by R.C. [C]hapter 2151 and the Ohio Rules of Juvenile Procedure. Juv.R. 1(A) (C). Therefore, persons wishing to be made parties to a custody action in the juvenile court must look to the Juvenile Rules for guidance, since they have no right to intervene under Civ.R. 24." Id.
Based on this holding, the Third District Court of Appeals concluded that persons seeking to be parties could do so only under the aegis of Juv.R. 2(X), then denominated Juv.R. 2(16), which defines a "party" to a juvenile proceeding as, inter alia, "any other person specifically designated by the court." Thus, under this standard it is solely within the sound discretion of the juvenile court to determine whether to designate a person as an additional party. In re Franklin (1993),88 Ohio App.3d 277, 280 (Third District Court of Appeals); In re Parsonsand Nelson (May 29, 1996), Lorain App. No. 95CA006217, unreported (Ninth District Court of Appeals).
Other appellate courts also recognize that the only means available for being named a party in a juvenile court custody proceeding is through the exercise of the court's discretion under Juv.R. 2(X). In re Amber Winkle
(Mar. 31, 1997), Butler App. No. 96-11-236, unreported (Twelfth District Court of Appeals); Byerly, supra (Eleventh District Court of Appeals); Inre Thompson (Apr. 18, 1995), Franklin App. Nos. 94APF08-1144 and 94APF08-1145, unreported (Tenth District Court of Appeals); In re Ring, (June 28, 1994), Franklin App. No. 93APF12-1693, unreported (Tenth District Court of Appeals). However, these courts further note that Juv.R. 2(X) provides no procedure for the court to employ in making its determination. Because Juv.R. 45(B) allows the court to proceed in any manner not inconsistent with the juvenile rules in such cases, the Tenth, Eleventh and Twelfth District Courts of Appeals hold that the juvenile court may "use Civ.R. 24 as a guide to the exercise of its discretion under Juv.R. 2(X), but it is not required to do so." Byerly,supra.
Even though one appellate court has simply applied Civ.R. 24 in circumstances similar to the case before us, see In re Baatz (Aug. 11, 1993), Lorain App. Nos. 92-CA-005478 and 92-CA-005479, that court later opted, in Parsons and Nelson, to ignore its earlier ruling.
Upon a review of the foregoing law, we must conclude that a person seeking to intervene in a legal custody proceeding in the juvenile court can do so only under Juv.R. 2(X). The juvenile court may use Civ.R. 24 as a guideline in determining, in its discretion, whether to designate that person as a party, but is not required to do so. Thus, a court does not err if it does not utilize Civ.R. 24 as a guide.
In the present case, the juvenile court judge did not employ Civ.R. 24. Thus, the sole issue before us is whether the trial court abused its discretion in denying appellant's motion. An abuse of discretion standard is very difficult to satisfy. In order to overturn the trial court's judgment, we must find that the court's attitude in reaching its decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Here, the judge determined that it would not be necessary to join appellant as a party in order to reach his decision as to the best interests of the minor "children." In addition, the court stated that appellant's interests were aligned with LCCS, a party to the proceeding and, therefore, it was unnecessary to have two parties to represent the same interest. The court did allow appellant to communicate with counsel for LCCS during the trial. Further, appellant and a LCCS caseworker testified at trial as to the reasons that appellant should be awarded legal custody of Juanya, as to the deficiencies in appellee's character and as to the current condition and relationships of all of the children. Accordingly, we cannot say that the trial court abused its discretion in denying appellant's "motion to intervene." Appellant's first assignment of error is found not well-taken.
In her second assignment of error, appellant maintains that the failure to designate her as a party to the instant case precluded the trial court from hearing all of the evidence relevant to appellee's unsuitability as a parent. She further asserts that the trial court failed to give "proper consideration" to the evidence before it in awarding appellee legal custody of his child. Appellee initially argues that appellant lacks standing to raise these issues on appeal because she was not a party to the proceedings in the trial court and cannot, therefore, challenge the merits of the juvenile court's judgment as to legal custody. We disagree.
Generally, one who was not a party to a case in a trial court has no right of direct appeal of a judgment. Januzzi v. Hickman (1991),61 Ohio St.3d 40, 45; State ex rel. Lipson v. Hunter (1965),2 Ohio St.2d 225. An exception to this rule exists for a person who has attempted to intervene as a party in the proceedings below. Lipson at the syllabus. However, that person must demonstrate a present interest in the subject matter of the litigation and prejudice resulting from the judgment of the trial court. In re Guardianship of Love (1969),19 Ohio St.2d 111, 113. Here, appellant attempted to intervene in the instant case. The hearing was held solely for the purpose of determining whether it was in the best interest of Juanya to award legal custody to appellant or to appellee. The court's judgment on this issue manifestly resulted in prejudice to appellant. Thus, we find that appellant has the standing to raise issues related to the court's determination of custody.
The trial court's authority in the present case emanates from R.C.2151.353(A)(3), which allows the juvenile court to award legal custody of a dependent, neglected and/or abused child to, among others, any person filing a motion for legal custody prior to the dispositional hearing. In reaching its decision, the trial court was required to consider whether it was in the best interest of Juanya, based on a totality of the circumstances, to award legal custody to either appellant or to his natural father, appellee. In re Pryor (1993), 86 Ohio App.3d 327, 336; Inre Congrove (Apr. 4, 2000), Ross App. No. 99-CA-2498, unreported; In reCline (Oct. 4, 1999), Clinton App. No. CA98-11-023, unreported; In reWilson (Apr. 30, 1999), Miami App. No. 98-CA-19, unreported. Nevertheless, in cases such as the one before us, even though primary consideration is given to the welfare of the child, a suitable parent has a paramount right to custody. In re Pryor, at 334; Congrove, supra;Wilson, supra; Cline, supra.
In the instant case, the caseworker testified extensively as to the domestic violence complaints filed against appellee. The complaints themselves are in the record of this case. Further, appellee provided testimony concerning the complaints, most of which were over ten years old. None of these complaints involved appellee's children. To the contrary, the testimony at the hearing established that appellee had a close relationship with all eight of his children and supported them financially as best as he could. Appellee has his own home and his own business and established that he has access to caregivers for Juanya for any of those times that he is working. Juanya's guardian ad litem
recommended that legal custody of Juanya be awarded to his father. Finally, Juanya resided with appellant for a very short period (from March to May) prior to the custody hearing. In consideration of a parent's paramount right to raise his or her child and the best interest of Juanya, we conclude that the trial court did not abuse its discretion in awarding legal custody of this minor child to his natural father, appellee. See Cline, supra (abuse of discretion standard of review is applicable in custody proceeding). Appellant's second assignment of error is found not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., CONCUR.
James R. Sherck, J., dissents.