[Cite as *In re B.A.*, 2017-Ohio-1019.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NOS. 16 NO 0433 |
| | ) | 16 NO 0434 |
| B.A. | ) | |
| D.O.B.: 10-20-2015 | ) | OPINION |
| | ) | |
| | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeals from the Court of Common
Pleas, Juvenile Division, of Noble
County, Ohio
Case No. 215-3033

JUDGMENT:     Affirmed.

APPEARANCES:

For Appellant/Mother:     Atty. Mary G. Warlop
Abney Law Office, LLC
116 Cleveland Ave. N.W., Suite 500
Canton, Ohio  44702

For Appellant/Father:     Atty. Gregory J. Wysin
2037 Brady Lake Road
Kent, Ohio  44240

For Appellee/State of Ohio:     Atty. Kelly A. Riddle
Noble County Prosecutor
508 North Street
Caldwell, Ohio  43724

For Appellee/Legal Custodian:     Atty. Jeanette M. Moll
P.O. Box 461
Zanesville, Ohio  43701

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  March 20, 2017

WAITE, J.

{¶1} In these consolidated appeals Appellants Tana Guiler ("Guiler") and Kelly Anderson ("Anderson"), hereinafter collectively "Appellants," challenge the judgment of the Noble County Court of Common Pleas, Juvenile Division, granting legal custody of the minor child, B.A. to the child's paternal aunt, Appellee Heather Maxwell ("Maxwell"). The State of Ohio is also an Appellee in this action. Guiler and Anderson both argue the trial court erred in not complying with Juv.R. 29. Guiler also argues the complaint should have been dismissed as the disposition was held more than ninety days after the hearing. Anderson asserts the trial court erred in allowing Maxwell to intervene as a matter of right. For the reasons expressed below, none of Appellants' arguments have merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} On October 20, 2015, Guiler gave birth to B.A. Prior to the infant's release from the hospital, Noble County Department of Job and Family Services ("NCDJFS") filed a complaint alleging that B.A. was an abused and dependent child. NCDJFS had received a referral from the hospital to the effect that B.A. and Guiler had each tested positive for illicit drugs at the time of birth and that B.A. was exhibiting signs of withdrawal.

{¶3} A shelter care hearing was held on October 30, 2015. The court ordered B.A. into the temporary custody of NCDJFS with placement in the home of Maxwell, his paternal aunt. The matter was then set for adjudication. On January 4, 2016, an adjudicatory hearing was held where the parents stipulated to dependency and the trial court accepted the admissions of dependency. NCDJFS dismissed the

allegations of abuse. In a judgment entry dated January 8, 2016, the trial court held, in pertinent part:

> The Court was informed that the parties had reached an agreement and that the parents intended on admitting to dependency. The Court called upon the parents, and both admitted that the child was dependent. The State moved to dismiss the abuse allegation.
>
> The Court finds that it has jurisdiction of the parties and the subject matter. Based upon the evidence and by agreement of the parties, the Court further finds that clear and convincing evidence exists that the minor child is dependent as defined in the Ohio Revised Code.

(1/8/16 J.E., pp. 1-2.)

{¶4} The trial court continued the emergency custody order and scheduled the matter for disposition on March 9, 2016. On February 10, 2016, the court held a hearing on outstanding motions, including a motion to intervene made pursuant to Civ.R. 24, a motion for temporary custody and motions made as to alleged drug abuse by the parents. The trial court granted Maxwell's motion to intervene and her motion seeking to order both parents to submit to hair follicle testing. The trial court also ordered that visitation with the parents should continue.

{¶5} A dispositional hearing was held on June 3, 2016. In a judgment entry dated June 15, 2016, the trial court held: (1) the child had been adjudicated dependent on January 5, 2016; (2) neither parent had made significant progress on their case plan; and (3) it would not be in the best interest of the child to return to the

home of either parent. The trial court terminated NCDJFS's temporary custody and granted legal custody to Maxwell. The court also ordered that the parents were entitled to reasonable visitation at Maxwell's discretion. Appellants filed these timely appeals which have been consolidated.

<u>APPELLANT GUILER'S ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO SUBSTANTIALLY COMPLY WITH THE REQUIREMENTS CONTAINED IN JUVENILE RULE 29 REGARDING ADJUDICATION.

<u>APPELLANT ANDERSON'S ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT COMMITTED PLAIN AND PREJUDICIAL ERROR BY ACCEPTING EACH OF THE PARENTS' ADMISSIONS TO A FINDING OF DEPENDENCY WITHOUT FIRST ADDRESSING THEM PERSONALLY TO ENSURE THAT THEY UNDERSTOOD THE NATURE OF THE ALLEGATIONS, AND THE CONSEQUENCES OF THEIR ADMISSIONS AS REQUIRED UNDER JUVENILE RULE 29(D).

{¶6} In their first assignments of error, Guiler and Anderson argue that the trial court erred by failing to follow the mandates of Juv.R. 29 during the January 4, 2016 adjudicatory hearing.

{¶7} Juv.R. 29 governs adjudicatory hearings in the juvenile court and requires the trial court to perform certain duties. Specifically, Juv.R. 29 sets forth a framework to assist the court in determining whether the parties have been afforded their due process requirements. *In re Shepherd,* 4th Dist. No. 00CA12, 2001 WL

802209 (Mar. 26, 2001). An appellate court must review the record for substantial compliance with Juv.R. 29. *In re C.S.,*115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177 (noting that most courts of appeals have held that only substantial compliance with Juv.R. 29 is necessary).

**{¶8}** However, without ascertaining the validity of Appellants' arguments concerning the strictures set forth in Juv.R. 29, this Court is unable to reach the merits of Appellants' claims because neither appealed the trial court's January 8, 2016 adjudicatory order finding B.A. to be a dependent child. See *In re T.K.,* 7th Dist. Nos. 12 HA 4, 12 HA 5, 2013-Ohio-5869; *In re S.B.,* 7th Dist. Nos. 13 HA 3, 13 HA 4, 2013-Ohio-5870.

**{¶9}** In *In re H.F.,* 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607, the Ohio Supreme Court reaffirmed its previous holding in *In re Murray*, 52 Ohio St.3d 155, 556 N.E.2d 1169 (1990), that:

An adjudication by a juvenile court that a child is "neglected" or "dependent" as defined by R.C. Chapter 2151 followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2) constitutes a "final order" within the meaning of R.C. 2505.02 and is appealable to the court of appeals pursuant to R.C. 2501.02.

*Id.* at ¶ 8.

**{¶10}** In deciding the case, the Court analyzed the rule allowing delayed appeals, App.R. 4(B)(5), and provided some guidance to appellate courts regarding when and how App.R. 4(B)(5) is applied:

> For App.R. 4(B)(5) to apply, an order must meet two requirements: (1) it must be a final order that does not dispose of all claims for all parties, and (2) it must not be entered under Civ.R. 54(B).

*Id.* at ¶ 12. The Court reasoned that when determining whether a final order disposed of all claims between the parties, the inquiry is "whether any claim remained pending between the parties." *Id.* The Court held that App.R. 4(B)(5) applies to allow delayed appeal of otherwise final orders only if some claims remain pending. *Id.*

**{¶11}** In *In re H.F.,* the Ohio Supreme Court held that App.R. 4(B)(5) does not operate to allow a delayed appeal of an adjudicatory order in a dependency matter because adjudication orders always constitute "final orders." Adjudication orders cannot be construed as "partial final orders." The exception enumerated in App.R. 4(B)(5) only applies to "partial final orders." *Id.* at ¶ 12. The Court reasoned that an adjudication order concludes "the immediate action between the parties" and "there is no assurance that a parent would have an alternate opportunity to appeal an adjudication order." *Id.* at ¶ 13-14. Once a juvenile court has adjudicated a child abused, neglected, or dependent, there are no issues in that regard left pending between the parties. *Id.* at ¶ 15. The Court recognized that even though the juvenile court retains jurisdiction to enter a final disposition for the child, there is no certainty

that the parents would have another opportunity to appeal or address the neglect or dependency adjudication. *Id.* at ¶ 16.

**{¶12}** Therefore, based on the Ohio Supreme Court's decision in *In re H.F.,* we do not have jurisdiction to address Appellants' assignments of error regarding the alleged Juv.R. 29 violation, as neither parent appealed the trial court's January 8, 2016 adjudication order within thirty days pursuant to App.R. 4(A).

<u>APPELLANT GUILER'S ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT ERRED BY FAILING TO DISMISS THE COMPLAINT AS DISPOSITION WAS HELD MORE THAN NINETY DAYS AFTER THE DATE ON WHICH THE COMPLAINT WAS FILED.

**{¶13}** Guiler argues in her second assignment that the trial court erred in not complying with the time limits set forth in R.C. 2151.35(B)(1), which states, in pertinent part:

The dispositional hearing may not be held more than thirty days after the adjudicatory hearing is held. The court, upon the request of any party or the guardian ad litem of the child, may continue a dispositional hearing for a reasonable time not to exceed the time limits set forth in this division to enable a party to obtain or consult counsel. The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed.

**{¶14}** Similarly, Juv.R. 34(A) provides:

Where a child has been adjudicated as an abused, neglected, or dependent child, the court shall not issue a dispositional order until after it holds a separate dispositional hearing. The dispositional hearing for an adjudicated abused, neglected, or dependent child shall be held at least one day but not more than thirty days after the adjudicatory hearing is held. * * * Upon the request of any party or the guardian ad litem of the child, the court may continue a dispositional hearing for a reasonable time not to exceed the time limit set forth in this division to enable a party to obtain or consult counsel. The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed. If the dispositional hearing is not held within this ninety day period of time, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice.

{¶15} Although a trial court is required to hold the dispositional hearing within thirty days of the adjudicatory hearing, Ohio courts have routinely held that the time guidelines set forth in R.C. 2151.35(B)(1) are not jurisdictional in nature and may be waived by a parent. *In re Kimble*, 7th Dist. No. 99 517 CA, 2002-Ohio-2409. A party may implicitly waive timeliness issues when the party fails to move for dismissal based on the time limitation. *Id.*

{¶16} In this case, Guiler is correct that the original complaint was filed on October 28, 2015 and that the adjudicatory hearing was held on January 5, 2016.

The dispositional hearing was originally set for February 22, 2016. A number of motions were filed and at least one continuance was sought by Maxwell which was granted by the trial court. The dispositional hearing was ultimately held on June 3, 2016. Guiler did not object at any time to the scheduling of the hearings, and never filed a motion to dismiss based on the statutory time requirements. No arguments were made at the hearings nor were any objections raised to the timing of the hearing. Guiler was represented by counsel at each hearing, with the exception of a February 10, 2016 motion hearing at which Guiler agreed to proceed without counsel. At the outset of each hearing the trial court provided all parties the opportunity to address any preliminary matters. Guiler did not raise any concerns regarding timeliness at any point during any of the proceedings, nor did she object to the timing of hearings based on the statute. Therefore, in accordance with our previous holding in *In re Kimble,* through her conduct Guiler waived any time limits prescribed by statute. Consequently, her second assignment of error is without merit and is overruled.

<u>APPELLANT ANDERSON'S ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THAT B.A.'S PATERNAL AUNT, HEATHER MAXWELL, COULD INTERVENE AS A MATTER OF RIGHT UNDER CIVIL RULE 24(A).

**{¶17}** In his second assignment of error, Anderson argues the trial court erred in permitting Maxwell to intervene as a matter of right under Civ.R. 24(A).

**{¶18}** Civ.R. 24 governs the right of a party to intervene and states as follows:

**(A) Intervention of right**. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

**(B) Permissive intervention**. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

{¶19} Contrary to Anderson's assertion, Maxwell sought permissive intervention pursuant to Civ.R. 24(B). The standard of review is abuse of discretion.

*State ex rel. Cardinal Joint Fire Dist. v. Canfield Twp.,* 7th Dist. No. 03 MA 67, 2004-Ohio-5526, citing *Jamestown Village Condominium Owners Assn. v. Market Media Research, Inc.*, 96 Ohio App.3d 678, 694, 645 N.E.2d 1265 (8th Dist.1984). "An abuse of discretion is more than an error of judgment; it requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable." *State v. Nuby*, 7th Dist. No. 16 MA 0036, 2016-Ohio-8157, ¶ 10, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶20}** Pursuant to Juv.R. 2(Y), a party is defined as:

[A] child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court.

**{¶21}** Both Juv.R. 2(Y) and Civ.R. 24(B) imbue the trial court with discretion to permit intervention under the appropriate circumstances. *In re R.W.,* 2015-Ohio-1031, 30 N.E.3d 254, ¶ 14 (8th Dist.). A foster parent does not possess an automatic right to participate as a party in the adjudication of the rights of the natural parents and their child. *Id.* at ¶ 17. Foster parents generally have limited rights regarding the children in their care and are considered agents of the state as the child's permanent or, as here, temporary legal custodian. *Id.* Notwithstanding such limited rights, the trial court has wide discretion to determine the parties in a juvenile action. *In re Zhang,* 135 Ohio App.3d 350, 355, 734 N.E.2d 379 (8th Dist.1999). Juv.R. 2(Y)

permits a trial court to include individuals not specifically designated parties but whose presence the court has determined is necessary in order to fully litigate an issue presented in the action. *In re Franklin*, 88 Ohio App.3d 277, 280, 623 N.E.2d 720 (3d Dist.1993).

**{¶22}** When making a determination whether an applicant can intervene in a juvenile proceeding, the trial court must consider if intervention is in the best interests of the child. *In re R.W., supra*, at ¶ 16.

**{¶23}** Maxwell filed her motion to intervene on December 31, 2015 seeking an order "granting her leave to intervene in the instant cause of action, joining her as a party to this case, and granting her custody of the minor child." (12/31/15 Maxwell Motion to Intervene.) In a judgment entry dated December 31, 2015, the trial court granted Maxwell's motion to intervene. At the adjudicatory hearing on January 4, 2016, counsel for Anderson objected to the motion to intervene on the basis that the state already represented the interests of the child. Counsel for Guiler also objected on the record. In response the trial court noted:

> This is the Court's understanding. Alright? And I believe it's either the Statute or the rule provides that when I come to disposition, okay, I can grant disposition to somebody who has somebody other than a parent who has asked to be the custodian. Okay? That's what the rule says, the rule of the statute. Okay? Now, whether we get there or not is a different story. Okay? But I think, you know she has every right to intervene and every right to ask for custody. Okay? Whether she gets

it or not is a different story. So, I've granted the motion and I'm not going to change my mind.

(1/4/16 Tr., pp. 6-7.)

{¶24} The record reveals the child was placed in a kinship home with Maxwell on October 30, 2015, shortly after birth and after his release from the hospital where the infant received treatment for withdrawal as a result of testing positive for illicit drugs at birth. As foster parent, Maxwell provided care for B.A. throughout the duration of the proceedings. Maxwell facilitated supervised parenting time between both parents and the child and filed motions raising concerns of ongoing alleged drug use and cigarette smoking around the child, particularly when the child became ill and the parents were not cooperating with the NCDJFS care plan. Based on this record, we find no abuse of discretion by the trial court in granting Maxwell's motion to intervene. Intervention was in the best interests of B.A. Since B.A.'s birth, Maxwell had assumed the dominant parental role for B.A. and was working with his best interests in mind. Consequently, Anderson's second assignment of error is without merit and is overruled.

{¶25} In conclusion, as Appellants failed to appeal the trial court's adjudication order within the thirty-day time period pursuant to App.R. 4(A), we are without jurisdiction to determine the merits of their assignments of error relating to Juv.R. 29. Those assignments of error are overruled. Appellant Guiler's second assignment of error is without merit because she waived any time limits set forth in R.C. 2151.35(B)(1). Appellant Anderson's second assignment of error is also without

merit as this Court finds the trial court committed no error in permitting Maxwell to intervene as a party to the action pursuant to Civ.R. 24(B). Thus, based on the foregoing, the trial court's judgment is affirmed.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.

APPROVED:

_____

CHERYL L. WAITE, JUDGE