DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Erica Valenti, appeals from a judgment entered by the Wood County Court of Common Pleas in favor of appellee, the state of Ohio. For the reasons that follow, we affirm in part and reverse in part the judgment of the trial court.
 {¶ 2} On March 16, 2005, a grand jury indicted appellant on three counts of trafficking in cocaine: the first charged appellant with a second-degree felony, in violation of R.C.2925.03(A)(1)(C)(4)(e), and carried a specification that a 1998 Chevrolet Malibu was used in the commission the offense; the second charged appellant with a first-degree felony, in violation of R.C. 2925.03(A)(1)(C)(4)(g), and carried a major drug offender specification; and the third charged appellant with a first-degree felony, in violation of R.C. 2925.03(A)(1)(C)(4)(f). The state filed a certification stating that the Wood County Prosecutor's Office had not been involved with this case prior to January 1, 2003, that appellant had several co-defendants, and that there was a related case before the court involving one Rigoberto Casas Cruz.
 {¶ 3} At arraignment, appellant entered a plea of not guilty. She subsequently filed two motions to dismiss: the first was a motion to dismiss only the major drug offender specification, and the second was a motion to dismiss the entire indictment on the basis of prosecutorial misconduct. According to appellant, the prosecutorial misconduct occurred when the state certified that that appellant's case was related to another case involving Rigoberto Casas Cruz. Appellant characterized the certification as a purposeful misrepresentation that was made in order to get appellant's case assigned to trial judge Alan R. Mayberry. Judge Mayberry denied both motions to dismiss.
 {¶ 4} At trial, the state moved to amend the third count in the indictment to reflect a felony of the second degree. The trial court amended the indictment and the bill of particulars accordingly.
 {¶ 5} The facts that resulted in appellant's conviction, although only marginally relevant to this appeal, are undisputed and are as follows. The initial sequence of events, which established support for Count 1 of the indictment, occurred on February 8, 2005. On that date, a confidential source, Amy Tong, drove to the K-Mart shopping plaza in Fostoria, Wood County, where she met up with Ronald Stuart. Stuart got into Tong's car, and they drove to the Village Green apartment complex, where they were joined by appellant. Appellant entered Tong's car, removed a four and one-half ounce bag of cocaine from her coat and gave it to Stuart. Stuart handed the bag to Tong, who, in return, counted out $4,900 and handed it to Stuart.
 {¶ 6} A second sequence of events, which established support for Count 3 of the indictment, occurred on March 9, 2005. On that date, appellant dropped Stuart off at the China Buffet parking lot located on US 23, Fostoria, Wood County. While at that location, Stuart met Tong and got into her car. Together, they drove to appellant's apartment and went into the residence, where they stayed for a period of time. Upon exiting the residence, Stuart and Tong returned to Tong's car with a half-kilo bag of cocaine. Stuart placed the bag of cocaine in the glove compartment, and the two drove back to the China Buffet parking lot, where DEA agents subsequently apprehended Stuart and retrieved the bag of cocaine.
 {¶ 7} At the close of the state's case, defense counsel renewed his earlier motion to dismiss the indictment. The court renewed its finding and denied the motion. Ultimately, the jury found appellant guilty of trafficking in cocaine as charged in Count 1, but without the specification, and as charged in Count 3. The jury found appellant not guilty of the trafficking offense as charged in Count 2.
 {¶ 8} When, following the jury verdict, the trial court announced its intention to continue directly to sentencing, defense counsel intervened with a request that the matter be referred to the probation department for a presentence investigation report. The trial court denied this request, and proceeded to sentence appellant to three-year terms of imprisonment on each of the two counts, with the sentences ordered to be served consecutively. In addition, the court suspended appellant's license for one year and waived the mandatory fines. Appellant timely filed a notice of appeal, wherein she raises the following assignments of error:
 {¶ 9} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND VIOLATED HER RIGHT TO DUE PROCESS UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, AND HER RIGHT TO EQUAL PROTECTION OF THE LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION, WHEN IT OVERRULED HER MOTION TO DISMISS THE INDICTMENT.
 {¶ 10} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT DENIED TRIAL COUNSEL'S REQUEST FOR PREPARATION OF A PRESENTENCE REPORT.
 {¶ 11} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING HER CONTRARY TO LAW AND PROVISIONS OF O.R.C 2929.14 AND 2929.19.
 {¶ 12} "IV. APPELLANT WAS DENIED DUE PROCESS WHEN THE TRIAL COURT IMPOSED CONSECUTIVE AND NON-MINIMUM SENTENCES PURSUANT TO O.R.C. 2929.14 AND 2929.19."
 {¶ 13} We first examine appellant's claim that the trial court erred when it overruled her motion to dismiss the indictment. Specifically, appellant claims that the indictment should have been dismissed because the prosecutor violated Wood County Common Pleas Court Local Rule 5.02(E). Loc.R. 5.02 pertinently provides:
 {¶ 14} "B. [A]t the time an Indictment * * * is filed, the Prosecutor shall file with the Clerk of Courts a certification that all available records have been checked and to the best of the Prosecutor's knowledge either:
 {¶ 15} "1. There is a related criminal case(s), including the name(s) and the case number(s);
 {¶ 16} "* * *
 {¶ 17} "C. A `related criminal case' is a prior or pending case that involves the same defendant or arises out of the same incident or occurrence.
 {¶ 18} "* * *
 {¶ 19} "E. All criminal cases shall be assigned by lot unless:
 {¶ 20} "1. A related criminal case exists if the prosecutor certifies a related criminal case, then the new case shall be assigned by the Clerk to the Courtroom who was assigned the related case."
 {¶ 21} Here, although the state alleges that informant Amy Tong was a roommate of Casas Cruz, the record contains no evidence to suggest that the Casas Cruz case arose out of the same incident or occurrence that underlay appellant's case. Thus, it was error for the prosecution to certify the two cases as being related.
 {¶ 22} Appellant cites Local Rule 1.01 of the Wood County Common Pleas Court Rules of Practice for the proposition that the trial court should have dismissed the indictment against her as a result of the erroneous certification. Loc.R. 1.01(E) relevantly provides that "[f]ailure to comply with [the Local Rules] may result in appropriate sanctions, including but not limited to, an award of attorney fees, costs, and dismissal of the action or granting of judgment." According to appellant, the prosecution deliberately misrepresented that appellant's case was related to the Casas Cruz case in order to direct the prosecution of appellant's case to Judge Mayberry's court. Appellant argues that Judge Mayberry is a former Wood County Prosecutor and a close associate of the assistant prosecutor who was assigned to handle appellant's case, and, therefore, "the possibility of bias and/or unfairness in assignment of [the case] to Judge Mayberry was and is obvious."
 {¶ 23} We initially note that local rules are of the court's own making, are procedural in nature, and are not substantive principals of law. State v. Flowers (Feb. 26, 1997), 9th Dist. No. 2564-M, citing Lorain Cty. Bank v. Berg (July 22, 1992), 9th Dist. No. 91CA005183. "Only a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds." DeHart v. Aetna Live Ins. Co. (1982),69 Ohio St.2d 189, 193.
 {¶ 24} In the instant case, even given that the prosecution erred in its certification pursuant to Loc.R. 5.02, appellant has failed to demonstrate how the error constituted a "flagrant, substantial disregard" for the court rules. In addition, appellant has failed to demonstrate how the error prejudiced her case in any way. Accordingly, we find that the trial court did not err when it refused to dismiss the indictment on the basis of the alleged Loc.R. 5.02 violation.
 {¶ 25} To the extent that appellant is claiming bias on the part of the trial judge, we note that an appellate court is without jurisdiction to vacate a trial court's judgment on an appellant's claim of judicial bias. McGowan v. Stoyer, 10th Dist. No. 02AP-263, 2002-Ohio-5410, at ¶ 21, citing Beer v.Griffith (1978), 54 Ohio St.2d 440, 441-442. In addition, appellant failed to file an affidavit of disqualification with the Supreme Court of Ohio, which, pursuant to R.C. 2701.03, "provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced." Id., citingJones v. Billingham (1995), 105 Ohio App.3d 8, 11.
 {¶ 26} Inasmuch as appellant claims that the improper certification violated her right to due process, we are cognizant that the presence on the bench of a judge who is not impartial amounts to a structural constitutional error. State v. Esparza
(1996), 74 Ohio St.3d 660, 662, following Arizona v. Fulminante
(1991), 499 U.S. 279, 310. "However, a trial judge is presumed not to be biased or prejudiced, and the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity." Okocha v. Fehrenbacher (1995), 101 Ohio App.3d 309,322.
 {¶ 27} When determining whether a trial judge's remarks are prejudicial, appellate courts will generally adhere to the following rules: (1) The burden of proof is on the defendant to show prejudice; (2) the trial judge is presumed to be in the best position to decide when a breach is committed and the corrective measures that should be taken; (3) the remarks are to be considered in light of the circumstances under which they are made; (4) consideration must be given to the possible effect of the judge's remarks upon the jury; and (5) consideration must be given to the possible effect of the judge's remarks upon the effectiveness of counsel. State v. Wade (1978),53 Ohio St.2d 182, 188, vacated on other grounds (1978), 438 U.S. 911.
 {¶ 28} Here, appellant makes no reference to any potentially inappropriate remarks by the trial judge. In addition, this court's own review of the record reveals no evidence of bias. Thus, there is no question that appellant was accorded a fair and unbiased trial judge as required by the Due Process Clause of the United States Constitution. Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 29} We next examine appellant's second assignment of error, wherein appellant claims that the trial court abused its discretion when it denied trial counsel's request for a presentence investigation report. Where, as here, a defendant is ineligible for probation due to required actual incarceration, the decision of whether to order a presentence investigation report is a matter within the sound discretion of the trial court. See State v. Harper, 10th Dist. Nos. 01AP-201, 01AP-202, 01AP-203, 01AP-204, 01AP-205, 2001-Ohio-8875.
 {¶ 30} At sentencing in the instant matter, defense counsel reported that appellant had never been convicted of a felony. He further argued that appellant's actions had been incited by Ronald Stuart, and that Stuart had an extensive felony record. The state argued, in response, that considering the large amount of drugs involved and the fact that appellant had participated in organized criminal activity, defense counsel had underestimated appellant's role in the trafficking offenses. When counsel for both sides had concluded their statements, the trial court asked appellant, herself, whether she had anything to say on her behalf. Appellant stated that she did not. On the basis of the foregoing, we find that appellant had an adequate opportunity to present mitigating evidence and that the trial court had adequate information with which to make its sentencing determination.
 {¶ 31} We additionally note that appellant faced a mandatory sentence on each charge of from two to eight years. See R.C.2929.14(A)(2). As indicated above, appellant received only three-year sentences on each charge. Thus, the trial court, with the information that was available to it, selected sentences from the lower end of the range of possible sentences. In doing so, the trial court, even without the benefit of a presentence investigation report, clearly acted within its discretion. Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 32} We next consider appellant's fourth assignment of error, wherein she asserts that her consecutive and non-minimum sentences were unconstitutional, pursuant to Blakely v.Washington (2004), 542 U.S. 296. In Blakely, supra, the United States Supreme Court held that if the sentence imposed upon a defendant is greater than the maximum term authorized by a jury verdict or by admission of the defendant, the facts to support that sentence must be determined by a jury beyond a reasonable doubt. Id.
 {¶ 33} In State v. Foster, the Ohio Supreme Court held that R.C. 2929.14(E)(4), which governs the imposition of consecutive sentences, is unconstitutional, per Blakely, supra, as a violation of a defendant's Sixth Amendment rights, "because the total punishment increases through consecutive sentences only after judicial findings beyond those determined by a jury or stipulated to by a defendant." Id., at ¶ 67. Also in Foster,
the court held that R.C. 2929.14(B), which provides for an upward deviation from statutory minimum sentences upon certain findings by the trial court, does not comply with Blakely, because a jury verdict alone does not determine the sentence. Id., at ¶ 61. In light of these holdings, we are compelled to vacate appellant's sentence and remand the matter for resentencing. Accordingly, appellant's fourth assignment of error is found well-taken.
 {¶ 34} Appellant argues in her third assignment of error that the trial court erred in failing to state its reasons for imposing consecutive sentences pursuant to R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c). Based on our resolution of appellant's fourth assignment of error, appellant's third assignment of error is moot. Therefore, we decline to give it any further consideration.
 {¶ 35} For all of the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed in part and reversed in part. Appellant's sentences are reversed and vacated, and the case is remanded, per Foster, for resentencing within the applicable statutory ranges established by R.C.2929.14(A)(2). Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Mark L. Pietrykowski, J., William J. Skow, J., Dennis M. Parish, J., concur.