OPINION
{¶ 1} Appellant, R.R. ("mother") appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, denying her motion to vacate all previous orders of the court in this case. For the following reasons, we affirm that judgment.
 {¶ 2} Mother gave birth to L.H. on April 15, 1993. Mother was unable to take care of L.H. and left her in the care of her sister. On February 21, 2002, Franklin County Children Services ("FCCS") filed a complaint alleging that L.H. was a dependent child. The complaint further requested legal custody of L.H. be awarded to sister, who needed an award of custody to take care of the child's needs. The complaint was served on sister and mother, but service was not attempted on the father because his identity was unknown at the time. After an uncontested hearing, a magistrate found L.H. to be a dependent child and awarded sister temporary custody of L.H. On April 30, 2002, the trial court adopted the magistrate's decision and awarded sister temporary custody of L.H.
 {¶ 3} Sister subsequently notified FCCS that she could no longer take care of L.H. As a result, on October 30, 2002, FCCS filed a motion to modify the court's previous custody order. Service of this motion was made on mother and J.H., an identified putative father. After a hearing at which mother did not appear, the magistrate awarded FCCS temporary custody of L.H. On March 10, 2003, the trial court adopted the magistrate's decision and granted FCCS temporary custody of L.H.
 {¶ 4} On June 29, 2004, FCCS filed a motion for an award of permanent custody of L.H. pursuant to R.C. 2151.413. Attached to the motion was a birth certificate listing R.L.R. as L.H.'s father. Before the trial court could rule on the motion, mother filed a motion requesting the trial court to vacate all of its orders in this case because the father[1] was never served with the initial dependency complaint pursuant to R.C.2151.28(C)(1). Mother argued that this failure deprived the trial court of jurisdiction to make any rulings in the case and, consequently, rendered those rulings void. After a hearing, the magistrate denied mother's motion to vacate. Mother filed objections to the magistrate's decision. On December 23, 2005, the trial court overruled those objections, determining that mother lacked standing to object to the court's failure to obtain personal jurisdiction over the father. FCCS's motion for permanent custody is still pending in the trial court, although it appears from the briefs in this appeal that a father has been properly served with notice of that motion.
 {¶ 5} Mother appeals and assigns the following error:
The trial court erred in determining that O.R.C. §2151.28(C)(1) does not require proper service on all necessary parties in order for the court to obtain jurisdiction over the matter.
 {¶ 6} In her single assignment of error, mother contends the trial court lacked jurisdiction over this matter because the father was not properly served with the dependency complaint as required by R.C. 2151.28(C)(1). We disagree.
 {¶ 7} Subject-matter jurisdiction is a court's power over a type of case. Pratts v. Hurley, 102 Ohio St.3d 81,2004-Ohio-1980, at ¶ 34. It does not relate to the rights of the parties, but to the power of the court. State ex rel. Jones v.Suster (1998), 84 Ohio St.3d 70, 75. Personal jurisdiction, on the other hand, is the authority of a forum to enter judgment constitutionally binding on a particular individual. Netjets,Inc. v. Binning, Franklin App. No. 04AP-1257, 2005-Ohio-3934, at ¶ 4; Meadows v. Meadows (1992), 73 Ohio App.3d 316, 319.
 {¶ 8} The trial court acquired subject-matter jurisdiction over this matter with the filing of the dependency complaint. See R.C. 2151.23(A); In re Hilyard, Vinton App. No. 05CA630,2006-Ohio-1977, at ¶ 29. Therefore, to the extent that mother contends the trial court lacked subject-matter jurisdiction over this dependency action, her assignment of error is overruled.
 {¶ 9} The notification requirements in R.C. 2151.28(C)(1) implicate the trial court's personal jurisdiction over an individual, not its subject-matter jurisdiction over the matter. Id. Thus, it appears that mother also challenges the trial court's personal jurisdiction over the father.
 {¶ 10} It is well-settled that an appeal lies only on behalf of an aggrieved party. In re Love (1969), 19 Ohio St.2d 111,113; In re D.H., Cuyahoga App. No. 82533, 2003-Ohio-6478, at ¶7. An appellant may not challenge an alleged error committed against a non-appealing party unless the appealing party can show prejudice from the alleged error. Id., citing In re Cook (Oct. 8, 1998), Hancock App. No. 5-98-16; In re M.M. (Feb. 7, 2002), Cuyahoga App. No. 79947 (mother questioning personal jurisdiction over father could not raise issue on appeal absent prejudice).
 {¶ 11} Consequently, mother may only challenge the trial court's alleged lack of personal jurisdiction over the father if she can show that she has been prejudiced by the alleged error. Mother fails to make this showing. Mother's only allegation of prejudice is that she has been deprived of custody of L.H. since 2002. However, this deprivation was not caused by a failure to properly serve father with the dependency complaint. It was caused by her conduct and her failure to provide support and care for her child. Absent a demonstration of prejudice caused by the alleged error, mother does not have standing to challenge the trial court's lack of personal jurisdiction over the father. Inre Cook, supra (mother who could not show prejudice from alleged error did not have standing to challenge failure of service on father).
 {¶ 12} Because mother does not have standing to challenge the trial court's alleged lack of personal jurisdiction over the father in this appeal, her single assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
Brown and McGrath, JJ., concur.
[1] Mother does not specify which alleged father has never been properly served. While we assume, for purposes of this appeal, that she refers to R.L.R., the fact of service is not relevant to our decision.