DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Erica Valenti, appeals from a judgment of sentence entered by the Wood County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} After a jury trial, on June 3, 2005, appellant was found guilty on two counts of trafficking in cocaine, both second degree felonies. The trial court sentenced appellant to three years imprisonment for each count, to be served consecutively.
 {¶ 3} On June 30, 2006, the case was remanded for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. State v.Valenti, 6th Dist. No. WD-05-046, 2006-Ohio-3380, ¶ 33.
 {¶ 4} On December 18, 2006, appellant was resentenced, receiving the same sentence — three years on each count to be served consecutively.
 {¶ 5} Appellant raises the following assignments of error:
 {¶ 6} "FIRST ASSIGNMENT OF ERROR
 {¶ 7} "THE TRIAL COURT ERRED ON REMAND OF THIS CASE FOR RESENTENCING BY IMPOSING NON-MINIMUM, CONSECUTIVE SENTENCES IN VIOLATION OF THE EX POST FACTO CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS.
 {¶ 8} "SECOND ASSIGNMENT OF ERROR
 {¶ 9} "THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY IMPOSING A PRISON TERM WHICH EXCEEDED THE MAXIMUM MANDATED BY ADHERENCE TO THOSE AMENDMENTS. *Page 3 
 {¶ 10} "THIRD ASSIGNMENT OF ERROR
 {¶ 11} "THE RULE OF LENITY WAS VIOLATED BY THE IMPOSITION OF NON-MINIMUM AND CONSECUTIVE SENTENCES ON APPELLANT."
 {¶ 12} It is clear from appellant's arguments in her brief that all of her assignments of error claim that the Supreme Court of Ohio's remedy to the unconstitutional nature of certain sentencing statutes provided in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, itself violates the constitution and the rule of lenity. Although appellant concedes, citingState v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448, that this court has joined many other districts in rejecting the challenges toFoster raised by appellant, appellant still urges us to revisit them. In particular, as it relates to the rule of lenity, appellant asserts that there is frustration and inconsistency between courts upon aFoster remand for resentencing.
 {¶ 13} We do not find this argument persuasive enough to change course when we have repeatedly held that the Foster remedy does not violate the Due Process Clause, the Ex Post Facto Clause, or the rule of lenity. SeeColeman; State v. Barber, WD-06-036, 2007-Ohio-2821; State v.Johnson, L-06-1364, 2007-Ohio-3470; State v. Robinson, L-06-1205,2007-Ohio-3577. Pursuant to the doctrine of stare decisis, appellant's assignments of error are found not well-taken.
 {¶ 14} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. *Page 4 
24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., and William J. Skow, J. Concur. *Page 1