**B.W., Appellee,**

v.

**D.B.-B. et al.; J.V. et al., Appellants.**

[Cite as *B.W. v. D.B.-B.*, 193 Ohio App.3d 637, 2011-Ohio-2813.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–10–1212.

Decided June 10, 2011.

638

Alan J. Lehenbauer, for appellee.

Michael R. Voorhees, for appellants.

PIETRYKOWSKI, Judge.

{¶ 1} This is an appeal of July 2 and 12, 2010 judgments of the Juvenile Division of the Lucas County Court of Common Pleas in litigation brought by appellee ("B.W." or "biological father"), first, pursuant to R.C. 3111.04(A) to establish the existence of a father-and-child relationship with G.B., a minor child, and second, to secure an order naming him the primary residential parent of G.B., or, alternatively, establishing reasonable visitation rights and companionship with the child. Appellants are J.V. and C.V. (the prospective adoptive parents).

{¶ 2} B.W. registered as father of G.B. with Ohio's putative-father registry on November 15, 2007, and filed the complaint to determine paternity and to establish parental rights, including child custody, on December 28, 2007. He filed the complaint in the Fulton County Court of Common Pleas, Juvenile Division, and named appellants and others as defendants. By order of February 21, 2008, the court transferred the case to the Juvenile Division of the Lucas County Court of Common Pleas.

{¶ 3} Appellants filed a petition to adopt G.B. on January 16, 2008, in the Lucas County Court of Common Pleas, Probate Division, based upon permanent-surrender agreements executed in November 2010 by D.B.-B. (the birth mother of G.B.) and by J.B. (the child's presumed father). The surrender agreements requested that Adoption by Gentle Care, a licensed, private child-placing agency, accept permanent custody of the child for the purpose of adoption. Adoption by Gentle Care placed the child with appellants as prospective adoptive parents.

{¶ 4} From the beginning, the litigants were on notice of their conflicting interests in regard to establishing parental rights for G.B. The child was born in late October 2007. The permanent-surrender agreement executed by the presumed father in November 2007 identified him as the legal father of G.B., but specifically stated that he was not the biological father.

{¶ 5} The probate court stayed adoption proceedings pending a determination of paternity by the juvenile court. After genetic testing, the juvenile court issued judgment on March 17, 2009, declaring B.W. to be the father of G.B. On June 4, 2009, the probate court issued its judgment and dismissed the petition for adoption. This court affirmed on appeal. *In re Adoption of G.V.*,[1] 6th Dist. No. L–09–1160, 2009-Ohio-6338, 2009 WL 4447562. The Ohio Supreme Court affirmed on July 22, 2010. *In re Adoption of G.V.*, 126 Ohio St.3d 249, 2010-Ohio-3349, 933 N.E.2d 245.

{¶ 6} After dismissal of adoption proceedings, the juvenile court proceeded to consider parental rights and custody of G.B. In a judgment filed on February 5, 2010, the juvenile court designated the biological father as residential parent and legal custodian of G.B., "pending a favorable home study of * * * [biological father] * * * by the guardian ad litem." The guardian ad litem ("GAL") thereafter issued a favorable report. In judgments filed on July 2 and July 12, 2010, the juvenile court recognized the favorable GAL report and directed the transfer of custody of G.B. to biological father.

## Claimed Lack of Appellate Jurisdiction

{¶ 7} Appellee argues that this court lacks jurisdiction to consider this appeal. In an earlier appeal in this dispute, this court ruled that the February 5, 2010 judgment that declared appellee the residential parent and legal custodian was not a final, appealable order because it was contingent on a favorable home study to be conducted by the guardian ad litem. *B.W. v. D.B.-B.* (Mar. 24, 2010), 6th Dist. Nos. L–10–1017, L–10–1045, and L–10–1055, 2010 WL 1491640, ¶ 8, 23. Appellee argues that the trial court's judgment of March 24, 2010, removed that

---

1. The change in the child's initials from G.V. to the current G.B. appears to be connected to the transfer of custody to the biological father.

contingency and was a final, appealable order. Appellee argues that the court is without jurisdiction to consider this appeal because appellants failed to appeal the March 24, 2010 judgment.

{¶ 8} In *Sabrina J. v. Robbin C.* (Jan. 26, 2001), 6th Dist. No. L–00–1374, 2001 WL 85157, this court held:

{¶ 9} "[A]n order of a trial court which merely adopts a magistrate's decision and enters it as the judgment of the court is not a final appealable order. * * * [T]o be final, an entry of judgment by the trial court pursuant to Civ.R. 53(E)(4) must:

{¶ 10} "1. pursuant to subsection (b), 'adopt, reject, or modify' the magistrate's decision and should state, for identification purposes, the date the magistrate's decision was signed by the magistrate,

{¶ 11} "2. state the outcome (for example, 'defendant's motion for change of custody is denied') and contain an order *which states the relief granted so that the parties are able to determine their rights and obligations by referring solely to the judgment entry*, and,

{¶ 12} "3. be a document separate from the magistrate's decision." (Emphasis added.)

{¶ 13} Although the March 24, 2010 judgment stated that the guardian ad litem report had been accepted and that the decision of the magistrate of February 8, 2010, was adopted by the trial court, it was only with the July 2, 2010 judgment that the trial court included a description in its judgment of the relief granted and obligations owing from the judgment. The judgment added a requirement that G.B. was to be brought to a court hearing "so that he may be placed with plaintiff * * * [B.W.]."

{¶ 14} We conclude that the July 2, 2010 judgment is a final and appealable order pursuant to Civ.R. 53(E)(4) and R.C. 2505.02. We also conclude that this court has jurisdiction to consider appellants' appeal.

{¶ 15} Appellants assert three assignments of error on appeal:

{¶ 16} "Appellants' First Assignment of Error

{¶ 17} "The Juvenile Court erred by making any findings and orders because it lacks jurisdiction.

{¶ 18} "Appellants' Second Assignment of Error

{¶ 19} "The Juvenile Court erred in entering any decision based upon the finding that Appellee is the father of this child.

{¶ 20} "Appellants' Third Assignment of Error

{¶ 21} "The Juvenile Court erred by violating the due process rights of the Appellants and of the child."

### Subject–Matter Jurisdiction and Res Judicata

{¶ 22} The probate court followed the procedure announced in *In re Adoption of Pushcar,* 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647, when considering appellants' petition for adoption. The court stayed appellants' adoption proceedings pending determination of paternity in the pending action in the juvenile court. The court gave effect to the juvenile court's determination of paternity in its judgment dismissing the adoption petition.

{¶ 23} In its June 4, 2009 judgment, the probate court ruled that the declaration of paternity required the biological father to be treated as a legal father of G.B. and that whether his consent was required for adoption of G.B. was governed by R.C. 3107.07(A). The probate court ruled that the biological father's consent was required.

{¶ 24} Appellants have disputed the applicability of *In re Adoption of Pushcar* procedures throughout this litigation and have claimed that the juvenile court adjudication of the biological father's paternity action constituted an unauthorized interference with the probate court's jurisdiction over the adoption proceeding. Appellants have argued that R.C. 3107.07(B)(2) controlled on the issue of whether the biological father's consent was required for adoption, that paternity was legally irrelevant to the inquiry under the statute, and that under the statute the biological father's consent to adopt was not required.

{¶ 25} These contentions by appellants constitute the basis of their claims that subject-matter jurisdiction was lacking in the juvenile court to consider the biological father's action under R.C. 3111.04(A) to determine paternity. The contentions were directly considered by the Ohio Supreme Court in the appeal of the probate court judgment and rejected.

{¶ 26} Issue preclusion (collateral estoppel) is a branch of the doctrine of res judicata. *Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129, 133, 712 N.E.2d 713. It "precludes the relitigation of an issue that has been 'actually and necessarily litigated and determined in a prior action.'" *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, quoting *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 195, 2 OBR 732, 443 N.E.2d 978.

{¶ 27} In its judgment, the Ohio Supreme Court held that the procedures followed by the probate court in deferring to the juvenile court's determination of paternity prior to proceeding on the petition for adoption was a proper application of the Supreme Court's decision of *In re Adoption of Pushcar.* *In re Adoption of G.V.,* 126 Ohio St.3d 249, 2010-Ohio-3349, 933 N.E.2d 245, at ¶ 9. The Ohio Supreme Court considered and directly rejected appellants' argument

both that R.C. 3107.07(B)(2) rather than R.C. 3107.07(A) controlled and that the biological father's consent to adopt was not required. *In re Adoption of G.V.* at ¶ 7–9, ¶ 14–16 (Brown, J., dissenting), ¶ 31 (Lanzinger, J., dissenting), and ¶ 33–36 (Cupp, J., dissenting).

{¶ 28} Based upon the Ohio Supreme Court's determinations on issues actually and necessarily considered in the appeal from the probate court judgment, we conclude that the juvenile court had subject-matter jurisdiction to proceed to consider the biological father's paternity action under R.C. 3111.04(A) prior to the probate court's adjudication of appellants' action to adopt G.B. Appellants' argument as to lack of subject-matter jurisdiction in the juvenile court to determine paternity is without merit.

Personal Jurisdiction in R.C. 3111.04(A) Paternity Proceeding

{¶ 29} Appellants raise the issue of personal jurisdiction generally under the first assignment of error, but failed to present a specific argument as to lack of personal jurisdiction in their brief. Appellee presents multiple arguments in response, including claims that appellants failed to preserve the issue of lack of personal jurisdiction for appeal, that appellants were not necessary parties to the R.C. 3111.04(A) action, and that appellants lack standing to assert as error on appeal claimed lack of personal jurisdiction in the trial court over nonappealing parties.

{¶ 30} In the July 24, 2008 judgment, the trial court found that all necessary parties to the paternity action either submitted to the jurisdiction of the juvenile court or were properly served. As to appellants, the trial court ruled that appellants waived objections to personal jurisdiction by failure to assert either insufficiency of process or insufficiency of service of process in their initial response to the amended complaint. Appellants have failed to present any argument on appeal that the juvenile court erred in its determination of personal jurisdiction over appellants or over necessary parties to this case. On this basis alone, appellants' arguments as to lack of personal jurisdiction are without merit.

{¶ 31} In judgments filed on July 24, 2008, and September 25, 2008, the trial court also concluded that appellants were not necessary parties to the R.C. 3111.04(A) action. The court explained:

{¶ 32} "The Court in its July 24, 2008 Judgment Entry ruled that the prospective adoptive parents do not have standing in this parentage action, citing R.C. 3111.04(A). Further, under R.C. 3111.07, the prospective adoptive parents are not within the statute's description of 'proper parties' to a parentage action."

{¶ 33} An action under R.C. 3111.04(A) is brought to establish the existence of a father-and-child relationship and can be brought by a "man alleged or alleging

himself to be" the father of a child. R.C. 3111.04(A). Ohio courts have recognized that parties to an R.C. 3111.04(A) action who are necessary to establish paternity are those identified under R.C. 3111.07. *Vance v. Banks* (1994), 94 Ohio App.3d 475, 479, 640 N.E.2d 1214; *Dantzig v. Biron,* 4th Dist. No. 07CA1, 2008-Ohio-209, 2008 WL 187532, ¶ 14. R.C. 3111.07 provides:

{¶ 34} "R.C. 3111.07 Necessary parties; intervenors

{¶ 35} "(A) The natural mother, each man presumed to be the father under section 3111.03 of the Revised Code, and each man alleged to be the natural father shall be made parties to the action brought pursuant to sections 3111.01 to 3111.18 of the Revised Code, or if not subject to the jurisdiction of the court, shall be given notice of the action pursuant to the Rules of Civil Procedure and shall be given an opportunity to be heard. * * * The child shall be made a party to the action unless a party shows good cause for not doing so. * * *."

{¶ 36} Under appellee's amended complaint, the birth mother, the presumed father, and G.B., the minor concerned in these proceedings, were all named defendants. B.W. alleged in the amended parentage complaint that he was the natural father. Accordingly, the juvenile court action to determine paternity included all necessary parties as specified under R.C. 3111.07 for such an action.

{¶ 37} Appellants were not necessary parties, as prospective adoptive parents are not identified as necessary parties in R.C. 3111.07(A). Accordingly, even if the trial court lacked personal jurisdiction over appellants, the failure did not prevent the court from rendering a valid and binding judgment as to paternity, pursuant to R.C. 3111.04(A).

{¶ 38} Appellants lack standing to assert as error on appeal a claimed lack of personal jurisdiction in the paternity action over nonappealing parties, absent a showing of prejudice. *In re L.H.,* 10th Dist. No. 06AP–23, 2006-Ohio-4116, 2006 WL 2300682, ¶ 10–11 (child dependency proceeding and mother's claim of lack of personal jurisdiction over father); *In re Cook* (Oct. 8, 1998), 3d Dist. No. 5–98–16, 1998 WL 719524 (termination of parental rights and award of permanent custody to public children services agency and mother's claim of lack of personal jurisdiction over father). Appellants have made no such argument or showing. Accordingly, we conclude that appellants' claim of trial court error based upon a lack of personal jurisdiction in the paternity action is without merit.

### Proceedings to Determine Parental Rights

{¶ 39} The probate court issued its judgment before the juvenile court proceeded to consider parental rights. The decision, affirmed on appeal, included determinations that after determination of paternity, the biological father held the status of a legal father of G.B. and that pursuant to R.C. 3117.07(A), appellants held no right to adopt G.B. without the biological father's consent. As

discussed previously, those issues were actually and necessarily decided in the probate litigation and appeals on the petition to adopt.

{¶ 40} Under those determinations, the juvenile court clearly held jurisdiction under R.C. 3111.13(C) to determine the biological father's parental rights with respect to G.B. R.C. 3111.13(C) provides:

{¶ 41} "(A) The judgment or order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes.

{¶ 42} " * * *

{¶ 43} "(C) * * * After entry of the judgment or order, the father may petition that he be designated the residential parent and legal custodian of the child or for parenting time rights in a proceeding separate from any action to establish paternity."

{¶ 44} Appellants argue that the juvenile court was without subject-matter jurisdiction to proceed under R.C. 3111.13(C) because no separate legal proceeding (separate from the paternity action) was commenced to consider parental rights. Appellee argues that under the Ohio Supreme Court's decision in *Pegan v. Crawmer* (1996), 76 Ohio St.3d 97, 666 N.E.2d 1091, the statutory language does not require separate legal proceedings, but merely authorizes continuing jurisdiction to later consider parental rights in subsequent proceedings.

{¶ 45} The language "in a proceeding separate from any action to establish paternity" in R.C. 3111.13(C) was considered by the Supreme Court of Ohio in *Pegan*. Although the parties disagree on application of the *Pegan* decision to this case, it is clear that in *Pegan*, the Ohio Supreme Court determined that failure to proceed in a separate proceeding to provide relief under R.C. 3111.13(C) does not constitute a jurisdictional defect affecting the power of the juvenile courts to issue judgments as to paternal rights. *Pegan*, 76 Ohio St.3d at 100, 102, 666 N.E.2d 1091. The *Pegan* court also recognized that any requirement for a separate proceeding could be waived, and failure to proceed in a separate proceeding could also be deemed nonprejudicial. Id. Accordingly, we find appellants' argument that pursuant to R.C. 3111.13(C) the juvenile court lacked jurisdiction to proceed to determine parental rights under R.C. 3111.13 is without merit.

{¶ 46} Appellants also argue that the juvenile court was without authority to determine parental rights because adoption proceedings were instituted in the probate court, citing the decision of *State ex rel. Furnas v. Monnin*, 120 Ohio St.3d 279, 2008-Ohio-5569, 898 N.E.2d 573.

{¶ 47} In *Furnas*, the Ohio Supreme Court discussed limitations on authority of juvenile courts to proceed to determine paternity and to award visitation rights where the putative father had not timely registered on the Putative Father

Registry under R.C. 3107.062 and a probate court had issued a final adoption decree as to the child. *Furnas* at ¶ 2, 14–16. However, here appellee timely registered with the Putative Father Registry, there was no final decree of adoption of G.B. by appellants, and the probate court had determined both that the biological father was to be treated as a "legal father" and that appellants' adoption of G.B. could not proceed without his consent. The argument also runs contrary to the Ohio Supreme Court's determination that R.C. 3107.07(A) controlled whether the biological father's consent was required to adopt rather than R.C. 3107.07(B)(2) as contended by appellants.

### Authority to Proceed Pending Appeal of Probate Judgment

{¶ 48} Under the first assignment of error, appellants also argue that the juvenile court lacked authority to consider parental rights including custody of G.B. while appeal from the probate court judgment remained pending on appeal.

{¶ 49} In a January 8, 2010 judgment, the juvenile court ruled that it had authority to proceed absent an order staying proceedings: "The Court has not received an order to stay any proceedings or prevent this Court from continuing to hear and determine the issues before it."

{¶ 50} Here, the pending appeal was of a probate court judgment. In our view, the juvenile court's proceeding under R.C. 3111.13(C) to determine the biological father's parental rights to G.B., undertaken after the probate court dismissed adoption proceedings but while appeal of that judgment remained pending, was not inconsistent with the exercise of appellate jurisdiction to review, affirm, modify, or reverse the probate court judgment. We conclude that the juvenile court held authority to determine the biological father's parental rights to G.B. including designation of the biological father as primary residential parent and legal custodian of the child.

### Standing

{¶ 51} Appellee also argues alternatively that the trial court correctly ruled that appellants were not parties to the proceedings to determine parental rights and appellants lack standing to appeal claimed error in those proceedings.

{¶ 52} Appellants moved to dismiss proceedings in the juvenile court with respect to parental rights. The juvenile court denied the motion in a judgment filed on January 8, 2010. In the judgment, the trial court ruled that appellants remained parties to the paternity action on the limited basis that their joinder would be in aid to enforce an order requiring genetic testing of G.B. Once genetic testing had been concluded, the court held that appellants were no longer parties in the case.

{¶ 53} "Hearings for legal custody of a child are governed by the Rules of Juvenile Procedure. Juv.R. 1(A)." *Christopher A.L. v. Heather D.R.*, 6th Dist. No. H–03–040, 2004-Ohio-4271, 2004 WL 1802987, ¶ 10. Juv.R. 2(Y) defines the term "party":

{¶ 54} " 'Party' means a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court."

{¶ 55} In *Christopher A.L. v. Heather D.R.*, this court considered circumstances in which a juvenile court may designate persons as parties in juvenile proceedings who are not within the listing of persons specifically designated as parties under Juv.R. 2(Y):

{¶ 56} "Ohio courts have held in custody matters that the trial court is permitted to 'include individuals not specifically otherwise designated a party but whose presence is necessary to fully litigate an issue presented in the action.' *In re Parsons* (May 29, 1997[ ]), 9th Dist. No. 95CA006217 [1996 WL 285370]; *In re Franklin* (1993), 88 Ohio App.3d 277, 623 N.E.2d 720. In this way, the court is able to 'protect and adjudicate all legitimate claims, protect all interests appearing, avoid multiple litigation and conserve judicial time in the orderly administration of justice.' *Franklin*, supra, at 280, 623 N.E.2d 720. Further, the trial court's determination whether to include a person as a party will not be reversed absent a showing of an abuse of discretion. *Parsons*, supra. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217 [5 OBR 481], 450 N.E.2d 1140." *Christopher A.L. v. Heather D.R.* at ¶ 11.

{¶ 57} In its January 8, 2010 judgment, the trial court recognized that the sole purpose for which the private placement agency was given possession of G.B. was adoption and that those proceedings were dismissed:

{¶ 58} "Adoption by Gentle Care had custody of the minor child in this matter under R.C. 5103.15(B)(2) for the sole purpose of obtaining adoption of the child based on the Notice and Permanent Surrenders filed with this Court on November 6, 2007 in Case No. 08–178229. On June 4, 2009, the Probate Court issued a decision dismissing the [appellants'] Petition for Adoption."

{¶ 59} The trial court also considered the limited role chosen by appellants in the litigation: "The [appellants] have argued in a number of filings that they are not submitting to the jurisdiction of this Court and that their continued participation in this case was for the limited purpose of contesting jurisdiction."

{¶ 60} We find no abuse of discretion in the juvenile court's determination that appellants were not parties under Juv.R. 2(Y) to R.C. 3111.13(C) proceedings to determine parental rights and custody of G.B.

{¶ 61} In the decision of *In re Titionna K.*, 6th Dist. No. L–06–1232, 2007-Ohio-1861, 2007 WL 1165789, ¶ 4–5, we considered an appeal brought by a grandmother to a juvenile court judgment awarding permanent custody to Lucas County Children Services of her two granddaughters. The grandmother never filed a motion requesting to be made a party to the case and never filed a motion seeking custody of the child. Id. at ¶ 3. The grandmother did not seek to intervene. We held that the grandmother lacked standing to appeal the judgment that awarded LCCS permanent custody of the grandchildren. Id. at ¶ 5.

{¶ 62} In view of the dismissal of adoption proceedings on the merits and the probate court's determination that the biological father's consent was necessary for appellants to adopt G.B., appellants no longer held status as prospective adoptive parents at the time the juvenile court proceeded to consider the biological father's request to establish parental rights and to designate him as the primary residential parent of G.B. Appellants did not seek to intervene as parties on a permissive basis.

{¶ 63} Under such circumstances we conclude that appellants lack standing to appeal a juvenile court judgment in proceedings brought to determine the biological father's parental rights to G.B. The proceedings occurred after the biological father had been declared the father of G.B. under R.C. 3111.04(A) and after the petition for adoption had been dismissed on the merits by the probate court.

{¶ 64} We find appellants' first assignment of error is not well taken.

{¶ 65} Under the second assignment of error, appellants assert that "[t]he juvenile court erred in entering any finding that Appellee is the father of this child." In this assignment of error, appellants again challenge the jurisdiction of the juvenile court to determine the paternity of a child who is the subject of an adoption proceeding.

{¶ 66} As to subject-matter jurisdiction, we view this issue as actually and necessarily considered by the Ohio Supreme Court in the appeal of the probate court judgment. The Ohio Supreme Court held that the probate court properly followed *Pushcar* in permitting the biological father's paternity action to proceed in the juvenile court and in giving effect to the declaration of paternity in determining whether consent of the biological father was necessary to adopt under R.C. 3107.07(A). Appellants are barred from relitigating the issue here under the res judicata doctrine of issue preclusion.

{¶ 67} As part of appellants' argument under the second assignment of error, they reargue contentions considered under the first assignment of error concerning claimed lack of personal jurisdiction over them in the paternity proceedings. For the reasons stated in our consideration of the issues under the first assignment of error, we find those arguments to be without merit.

{¶ 68} Accordingly, we find appellants' second assignment of error is not well taken.

{¶ 69} Under the third assignment of error, appellants argue that the juvenile court violated the rights of appellants and of G.B. to due process of law under the Fourteenth Amendment to the United States Constitution. Appellants claim that there were "many occasions of inadequate and insufficient notices." They claim that the juvenile court was biased against them and that it was a violation of due process to find that appellants were not parties.

{¶ 70} Our review of the record discloses that appellants raised the claim of denial of due process as to court notices for the first time on appeal. Ohio courts recognize that it is the responsibility of a litigant to raise error in the first instance in the trial court to permit an opportunity to avoid or correct error and deem such objections waived if raised for the first time on appeal. See *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 210, 24 O.O.3d 316, 436 N.E.2d 1001; *Camp–Out, Inc. v. Adkins*, 6th Dist. No. WD–06–057, 2007-Ohio-3946, 2007 WL 2217056, ¶ 25.

{¶ 71} Additionally, appellants failed to identify in the record any specific instances of claimed insufficient notice or lack of notice of trial court proceedings. App.R. 12(A)(2) provides that an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based."

{¶ 72} We exercise our discretion under App.R. 12(A)(2) and decline to consider the claimed error as to court notices and deem the claimed error waived.

{¶ 73} Ohio appellate courts lack jurisdiction to disqualify a common pleas judge or to vacate a common pleas court judgment on the basis of judicial bias. *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 441–442, 8 O.O.3d 438, 377 N.E.2d 775; *State v. Valenti*, 6th Dist. No. WD–05–046, 2006-Ohio-3380, 2006 WL 1793697, ¶ 25. Such matters are considered by the Chief Justice of the Ohio Supreme Court under an affidavit procedure provided under R.C. 2701.03. Id.

{¶ 74} Finally, appellants argue that the trial court erred in its rulings on whether they constituted parties to the juvenile court proceedings. We previously determined under appellants' first assignment of error that the trial court did not err when it determined that appellants were not necessary parties under R.C.

3111.07 to the paternity action and that the trial court did not abuse its discretion in determining that appellants were not parties under Juv.R. 2(Y) to the R.C. 3111.13(C) proceedings to determine parental rights and child custody.

{¶ 75} Under the third assignment of error, appellants also argue that the trial court's decisions denying them status as parties violated appellants' rights to due process of law under the Fourteenth Amendment to the United States Constitution. As this constitutional issue was not raised in the trial court, we decline to consider it on appeal and deem the issue waived. See *In re M.D.* (1988), 38 Ohio St.3d 149, 527 N.E.2d 286, syllabus; *State v. Awan* (1986), 22 Ohio St.3d 120, 123, 22 OBR 199, 489 N.E.2d 277; *In re Retaining Vorys, Sater, Seymour & Pease, L.L.P.*, 192 Ohio App.3d 357, 2011-Ohio-640, 949 N.E.2d 84, ¶ 23–24.

{¶ 76} We find appellants' third assignment of error is not well taken.

{¶ 77} For the reasons stated, we overrule appellee's motion to dismiss this appeal and we conclude that justice has been afforded the parties complaining. We affirm the judgments of the Juvenile Division of the Lucas County Court of Common Pleas. Pursuant to App.R. 24, we order appellants to pay the court costs of this appeal.

Judgment affirmed.

OSOWIK, P.J., and HANDWORK, J., concur.

