[Cite as *Kendall v. Kendall*, 2014-Ohio-4730.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Richard Kendall

　　　　Appellee

v.

Chris A. Kendall, nka
Chris A. Gravenhorst

　　　　Appellant

Court of Appeals No. OT-13-019

Trial Court No. 01-DRA-063

**DECISION AND JUDGMENT**

Decided:  October 24, 2014

* * * * *

Richard L. Kendall, pro se.

Michael W. Sandwisch, for appellant.

* * * * *

**JENSEN, J.**

## I.  Introduction

{¶ 1} This case presents an appeal of a June 19, 2013 judgment entry by the

Ottawa County Court of Common Pleas, Domestic Relations Division, that disposed of

three separate motions, all filed by appellant, on December 5, 2012.  Appellant appeals

the trial court's denial of her (1) "motion pursuant to civil rule 60(A) to correct clerical errors"; (2) "motion to reconsider court's decision of 7/31/12 and request for oral hearing"; and (3) "motion requesting order to the Ottawa County Child Support Enforcement Agency to Collect Correct Amount of Child Support."[1]

{¶ 2} For the reasons that follow, we reverse and remand the matter to the trial court with the instruction that it issue a final, appealable order as to the amount of child support owed by appellee to appellant for their three children.

## II. Procedural History

{¶ 3} Plaintiff-appellee, Richard L. Kendall, and defendant-appellant, Chris A. Kendall (now known as Chris Gravenhorst), were married in 1995. Together they had three children. The parties divorced in 2004. Since then, the parties have been in a near-constant dispute over the setting of child support. This is the third occasion that the issue of child support has been appealed to this court, the first in 2005, again in 2009, and the current appeal. At the heart of the dispute is the issue of establishing appellee's annual income for the purpose of calculating his child support obligation.

---

[1] This court granted, in part, appellee's motion to dismiss the appeal in *Kendall v. Kendall,* 6th Dist. Ottawa No. OT-13-019 (Apr. 14, 2014). Specifically, we dismissed appellant's appeal as to: the parties' cross-motions for contempt; appellant's December 5, 2012 motion to terminate shared parenting plan and appellee's April 18, 2013 motion for reconsideration of the attorney fee award. In that decision, we also denied appellee's motion to include exculpatory evidence, relating to his 2013 income tax returns.

2.

**{¶ 4}** The instant matter began with the issuance of an administrative adjustment review recommendation by the Ottawa County Child Support Enforcement Agency ("OCCSEA") on May 24, 2010. The matter was referred to a magistrate. On September 13, 2011, following three days of hearings, the magistrate released a 28-page decision, with a computation worksheet attached thereto. Among her 82 findings of fact, the magistrate found that appellee "has difficulty grasping the concept that certain items may in fact be income <u>even though</u> he never actually has these monies in his hands." (Emphasis in original.) Appellee's own accountant testified that appellee's total gross income for 2010 could be as high as $246,608. The magistrate accepted that figure and recommended that appellee's child support obligation "as and for child support for their three children" increase from $2,857.82 per month to $3,397.82 per month (or $3,579.11 per month if health insurance was not provided).

**{¶ 5}** Appellee filed 11 objections to the magistrate's decision. By "Decision and Judgment Entry" dated July 31, 2012, the trial court ruled on each objection. The trial court concluded that appellee's "child support obligation shall be as outlined in the attached Child Support Computation Summary Worksheet." The attached worksheet adjusted downward the amount of child support to be paid by appellee from $3,397.82, as recommended by the magistrate, to $2,067.89 per month. The trial court concluded with the following instruction: "Plaintiff's attorney shall prepare a Judgment Entry in accordance with this Decision." Plaintiff-appellee was, and continues to represent himself, pro se.

3.

**{¶ 6}** In the months that followed, no proposed judgment entry was filed by plaintiff-appellee.

**{¶ 7}** On December 5, 2012, appellant filed a flurry of motions, three of which are at issue herein: the motion for reconsideration of the July 31, 2012 decision; the motion to correct clerical errors pursuant to Civ.R. 60(A); and the motion requesting that the trial court order the OCCSEA to collect the correct amount of child support. On February 7, 2013, the trial judge recused himself from the case due to a conflict of interest.

**{¶ 8}** A visiting judge ruled on the motions in a June 19, 2013 judgment entry. As for appellant's motion for reconsideration, the trial court found,

> There is no such thing provided for by the Ohio Revised Code or by rules of Procedure in Ottawa County or otherwise. * * * On these bases alone, [this motion] should be dismissed. However, this Court has considered the merits of [the motion for reconsideration.] * * * This Court finds no basis to grant [it], therefore, this Motion is DISMISSED.

**{¶ 9}** As for appellant's motion to correct clerical errors and the motion to instruct the OCCSEA, the trial court found,

> [Appellant] contends that certain errors exist in the child support worksheet and calculations made by this court in its July 31, 2012 decision. Ohio Rule of Procedure 60(A) exists to correct obvious clerical errors. The Rule is not to be used to collaterally attack a judgment with

4.

which you don't agree after it is made. Here the Judge heard objections to a certain Magistrate's Decision, both parties had an opportunity to be heard and the Court made a "careful and independent examination and analysis of the magistrate's Decision" and made a final ruling on those objections." [sic] While Judge Winters did state "Plaintiff's attorney shall prepare a Judgment Entry in accordance with this Decision", no subsequent Judgment Entry was filed by either side. Both parties have been represented by a separate Attorney, Mr. Sandwisch for the Defendant and the Plaintiff himself acting as his own Attorney, in pro se. The fact that no subsequent Judgment Entry was filed does not change the fact that Judge Bruce Winters journalized his DECISION AND JUDGEMENT [SIC] ENTRY (so styled) on July 12, 2012 [sic].2 Read in comity with the prior Magistrate's order, this is the order of the trial court and this Visiting Trial Judge has no basis to vacate, republish or otherwise disturb the lawful order of the Court. The Court speaks through its journal which in this case says loudly and clearly that these issues have been determined by the Judgment Entry of July 12, 2012 [sic]. Unless affected by a superior Court, these parties are bound by these orders.

---

2 The trial court mistakenly refers to the date of the decision as July 12, 2012. The correct date is July 31, 2012.

Therefore [appellant's] December 5, 2012 "motion requesting order to the Ottawa County Child Support Enforcement Agency to collect correct amount of Child support" is OVERRULED as MOOT as it appears they are doing so properly per the July 12, 2012 [sic] final order.

[Appellant's] December, 5 2012 "motion pursuant to Civil Rule 60(A) to correct clerical errors" is OVERRULED. (Emphasis in original.)

{¶ 10} On July 19, 2013, appellant filed a notice of appeal. She asserts two assignments of error:

I. The trial court erred to the prejudice of the Defendant/Appellant in determining the Court's Decision and Judgment ruling on Plaintiff's Objections to the Magistrates Decision was a final and appealable order where the Court's Decision and Judgment Entry did not properly incorporate the portions of the Magistrate's Decision not objected to along with the rulings it made on Plaintiff's objections; further, the Court's Decision and Judgment Entry failed to properly apply the facts of the case, along with the applicable Ohio law, and the prior decisions of this Honorable Court in twice determining that all of the Plaintiff's income should be includable in determining the Plaintiff's child support obligation.

II. The Trial Court erred to the prejudice of the Plaintiff/Appellant in failing to correct clerical errors made in its Judgment Entry and Decision ruling on Plaintiff's objections to the Magistrate's Decision which were simply mathematical errors based on numerical information not objected to by either party and which should have been properly applied to calculate the Plaintiff's child support obligations.

### III.  Law and Analysis

{¶ 11} In appellant's first assignment of error, she claims that the trial court erred in finding that its previous decision, authored by Judge Winters on July 31, 2012, was a final, appealable order.  For the reasons that follow, we agree.

{¶ 12} On questions of law, an appellate court applies a de novo standard of review. *Goodyear Tire & Rubber Co.,* 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶ 3-4, citing *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.,* 76 Ohio St.3d 521, 523, 668 N.E.2d 889 (1996).  Whether a judgment is a final appealable order is a matter of law.  *Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn.,* 87 Ohio App.3d 840, 843, fn. 4, 623 N.E.2d 232 (4th Dist.1993) (a trial court's finding that its judgment is final and appealable is not binding upon appellate court).

{¶ 13} Here, the trial court overruled appellant's motion (requesting that it order the OCCSEA to collect the correct amount of child support) as "moot."  The trial court found the issue moot based upon its conclusion that the trial court had already issued a "final order" as to the issue of child support.  As discussed below, we find, as a matter

7.

of law, that the July 31, 2012 decision was not a final order. Therefore, because there was no final order as to the proper amount of child support, the issue was not moot.

{¶ 14} Rule 53 of the Ohio Rules of Civil Procedure sets forth the procedure to be employed when matters are referred to magistrates. Once a magistrate prepares a decision, it does not become effective unless and until adopted by the trial court. Civ.R. 53(D)(4)(a). Pursuant to Civ.R. 53(D)(4)(b), "a court may adopt or reject a magistrate's decision in whole or in part, with or without modification."

{¶ 15} Previously, this court set forth the elements that are necessary to establish a "final order" under Civ.R. 53(D)(4):

[T]o be final, an entry of judgment by the trial court pursuant to [Civ.R. 53(D)(4)] must:

1. pursuant to subsection (b), 'adopt, reject, or modify' the magistrate's decision and should state, for identification purposes, the date the magistrate's decision was signed by the magistrate,

2. state the outcome (for example, "defendant's motion for change of custody is denied") and contain an order which states the relief granted so that the parties are able to determine their rights and obligations by referring solely to the judgment entry, and,

3. be a document separate from the magistrate's decision.

(Emphasis in original.)

8.

*B.W. v. D.B.-B.,* 193 Ohio App.3d 637, 2011-Ohio-2813, 953 N.E.2d 369, ¶ 10-12 (6th Dist.), quoting *Sabrina J. v. Robbin C.*, 6th Dist. No. L-00-1374, 2001 WL 85157 (Jan. 26, 2001). Likewise the Tenth Appellate District has held,

> The content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. It is fundamental that the trial court employ diction which should include * * * operative, action-like and conclusionary verbiage * * *. Moreover, a "judgment" must be distinguished from a "decision." While a decision announces what the judgment shall be, the judgment entry orders the relief unequivocally. (Citations omitted.)

*In re Adoption of S.R.A.*, 189 Ohio App.3d 363, 2010-Ohio-4435, 938 N.E.2d 432, ¶ 17-18 (10th Dist.). *See also In re Dortch*, 135 Ohio App.3d 430, 432, 734 N.E.2d 434 (9th Dist.1999) (Trial court's journal entry regarding child support arrearages was not a final, appealable order because, although the entry "describes the magistrate's orders, [it] fails to set forth the orders of the court.")

{¶ 16} Applying the criteria set forth above, we begin with the observation that Judge Winter's decision was a separate document from the magistrate's decision, that it specifically referenced the date of the magistrate's decision (September 13, 2011); and that it passed upon all 11 of appellee's objections.

9.

{¶ 17} On the other hand, nowhere in the decision did the trial court explicitly "adopt, reject, or modify" the magistrate's decision. Its primary deficiency, however, is that it fails to state the relief granted. Ruling on particular objections is not the same as granting relief. The decision simply cannot be said to "determine [the parties'] rights and obligations by referring solely to the judgment entry." *B.W.* at ¶ 12. For example, the decision states that appellee's child support obligation "shall be as outlined in the attached Child Support Computation Worksheet." In other words, it refers the parties to a document, other than the decision itself, to explain the outcome of the case. Likewise, the court's instruction that "plaintiff's attorney shall prepare a Judgment Entry in accordance with this Decision" is hardly "action-like and conclusionary verbage" that "orders the relief unequivocally." *In re Adoption of S.R.A.* at ¶ 18. Quite the opposite, the instruction conveys to the parties that the relief granted will be set forth in a forthcoming document. In sum, the July 31, 2012 decision was not a final order under Civ.R. 53(D)(4).

{¶ 18} Appellant's first assignment of error is well-taken. We find, as a matter of law, that the July 31, 2012 decision and judgment entry was not a final order. Accordingly, we find that the trial court erred in ruling that appellant's December 5, 2012 motion (for an order instructing the OCCSEA on the issue of child support) was moot. Because no final order has been entered on the subject of child support, we remand this matter to the trial court for issuance of such an order. Pursuant to Civ.R.

10.

53(D)(4)(b), we leave to the court's discretion as to whether to "hear a previously-referred matter, take additional evidence, or return a matter to a magistrate."

{¶ 19} Because our ruling on appellant's first assignment of error is dispositive of the appeal, we find appellant's second assignment of error moot, and we decline to address it. *See* App.R. 12(A)(1)(a) and (c).

{¶ 20} For the foregoing reasons, the judgment is reversed and the cause is remanded to the Ottawa County Court of Common Pleas, Domestic Relations Division, for further proceedings consistent with this decision and judgment.  Pursuant to App.R. 24, costs are assessed to appellee.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.           
_____
JUDGE

Stephen A. Yarbrough, P.J.    

_____
James D. Jensen, J.             JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.